UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES HOFT and TGP COMMUNICATIONS, LLC d/b/a *The Gateway Pundit*,<br><br>          Plaintiffs,<br><br>     v.<br><br>WILLIAM CHARLES BUNDREN, and<br>BUNDREN LAW GROUP, PLLC<br><br>          Defendants. | Cause No. 4:23-CV-01304 |

## COMPLAINT

### INTRODUCTION

This is an action by James Hoft and TGP Communications, LLC d/b/a *The Gateway Pundit* (collectively "Plaintiffs") seeking a declaration that they do not owe Defendants William Charles Bundren and/or Bundren Law Group, PLLC, (collectively "Defendants) the $600,000.00 claimed by Defendants under a representation agreement, whether paid directly by Plaintiff or on its behalf by its insurer.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as a) Plaintiff TGP Communications is a Missouri limited liability company owned by a single member, Plaintiff James Hoft, a Florida citizen, b) Defendant Bundren is a citizen of Texas and is the member of Defendant Bundren Law, and c) the amount in controversy is in excess of $75,000.

2. This Court has personal jurisdiction over Defendants pursuant to RSMo § 506.500 [1] (1) &/or (2), as this action arises from Defendants' transaction of business within Missouri and/or Defendants' making of a contract within Missouri.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the matter occurred in this district.

4. Although Section 13 of the January 10, 2024, Retainer Agreement stated that such "agreement can be enforceable by any court of competent jurisdiction in Collin County, Texas[,]" such provision **did not** make Collin County, Texas, the **exclusive** jurisdiction or venue for resolution of disputes arising from the Retainer Agreement and this is not an action to enforce the Retainer Agreement.

## PARTIES

5. Plaintiff James Hoft ("Hoft") is a natural person and a citizen of the State of Florida.

6. Plaintiff TGP Communications, LLC d/b/a The Gateway Pundit is a Missouri limited liability company whose sole member is Plaintiff James Hoft.

7. Defendant William Charles Bundren ("Bundren") is a natural person and a citizen of the State of Texas. Bundren is an attorney admitted to practice in the State of Texas.

8. Defendant Bundren Law Group, PLLC ("Bundren Law") is a Texas professional limited liability company whose sole member is Bundren.

## GENERAL ALLEGATIONS

9. On or about January 10, 2024, Plaintiffs and non-party Joseph Hoft retained the services of Defendants to represent them in the matter of *Freeman, et al. v. Hoft, et al,* Case No. 2122-CC-09815-01 in the Circuit Court of St. Louis City, Missouri, Twenty-Second Judicial Circuit (the "lawsuit").

10. A true and correct copy of the Retainer Agreement transmitted to Plaintiffs for this purpose is attached hereto as **Exhibit A** ("Retainer Agreement").

11. Plaintiffs are covered by an insurance policy for defense and indemnity as relates to the lawsuit, with cost of defense being within, not on top of, the applicable policy limits.

12. Thus, any amount paid to Defendants reduces the amount of money that the insurer could pay towards a settlement or judgment, if any, thereby increasing the financial exposure to Plaintiffs for such.

13. To date, Defendants have caused invoices for time and expenses to be submitted to the insurer for payment in the approximate amount of $600,000.00.

14. The hours submitted by Defendants on those invoices are grossly excessive.

15. Over 150 hours of billing was submitted by Defendants for alleged work prior to *pro hac vice* admission.

16. Over 700 hours of billing was submitted by Defendants for alleged work from January 9, 2024, to April 30, 2024.

17. Defendants' invoice for alleged work in March 2024 averages 10.6 hours of billing per day, including weekends.

18. Upon information and belief, Defendants' invoices are replete with inflated and fraudulent time entries.

19. Rule 4-1.5(a) of the Missouri Rules of Professional Conduct requires that an attorney not charge or collect an unreasonable fee.

20. Defendants' fraudulent invoices were the charging of an unreasonable fee.

21. To date, the insurance company has remitted approximately $90,000.00 to Defendants.

22. To the extent Defendants have being paid by the insurance company for their fraudulent invoices, such was the collection of an unreasonable fee.

23. The Retainer Agreement sets forth that Plaintiffs and non-party Joseph Hoft, "jointly and severally, shall be responsible to pay Bundren Law all amounts for all invoices which are not paid by Insurer."

24. Plaintiffs deny owing Defendants any obligation to make payment for their fraudulent invoices.

25. Defendants have demanded that the fraudulent invoices be paid.

## Count I: Declaratory Judgment

26. Plaintiffs restate and reallege Paragraphs 1-25 as if fully set forth herein.

27. "A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010); *accord USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, n. 21 (Tex. 2018).

28. Upon information and belief, Defendants did not perform pursuant to the contract as otherwise described in the fraudulent invoices.

29. To the extent Defendants did perform, it was excessive and unreasonable, and Defendants are prohibited from charging for such performance under Rule 4-1.5(a).

30. Nonpayment by Plaintiffs or the insurer for non-performance and/or charges prohibited under Rule 4-1.5(a) is not a breach of contract.

31. Nonpayment by Plaintiffs or the insurer for non-performance and/or charges prohibited under Rule 4-1.5(a) will not cause any damage to Defendants.

32. Nevertheless, Defendants have demanded that their fraudulent invoices for work allegedly and/or excessively performed under the Retainer Agreement be paid.

33. Therefore, pursuant to 28 U.S.C. § 2201, Plaintiffs require a declaration that they shall not be required, as a matter of law, to pay some or all of the unpaid invoices claimed by Defendants.

**Count II: Unfair Trade Practices**

34. Plaintiffs restate and reallege Paragraphs 1-25 as if fully set forth herein.

35. Tex. Bus. & Com. Code Ann. § 17.50(a)(3) provides that a consumer may maintain an action when the defendant engages in any unconscionable action or course of action that constitutes a producing cause of economic damages.

36. "Unconscionable action or course of action" means an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.  Tex. Bus. & Com. Code Ann. § 17.45(3)

37. In causing fraudulent and excessive invoices to be submitted to the insurer for payment and in receiving payment thereon, Defendants engaged in an unconscionable course of action.

38. Such action was to Plaintiffs' detriment as it deprived Plaintiffs of insurance funds that could be applied to the defense and/or indemnity of the lawsuit and/or other claims.

39. Such action took advantage of Plaintiffs' knowledge, ability, experience, and capacity, as they had to rely on Defendants for their honesty and could not, themselves, identify fraudulent and excessive invoices before such submission.  Only Defendants truly know how long each task took.

40. Such actions were grossly unfair.

41. As a proximate result of Defendants' unconscionable course of action, Plaintiffs suffered economic damages and incurred attorneys' fees.

### Count III: Missouri Merchandising Practice Act
### (Brought by Plaintiff James Hoft against all Defendants)

42. Plaintiff James Hoft ("Hoft") restates and realleges Paragraphs 1-25 as though fully set forth herein.

43. At and before the time of the transaction referred to in paragraph 9, Defendants practiced deception, fraud, false pretense, misrepresentation, unfair practices and concealment, omission and suppression of material facts upon Plaintiff Hoft by promising to only bill them for legitimate legal fees and expenses.

44. As a direct and proximate result of Defendant's deception, fraud, false pretense, misrepresentation, unfair practices and concealment, Plaintiff Hoft was induced to and did retain Defendants legal services . Plaintiff made such purchase for personal, family or household purposes.

45. Defendants' conduct as described herein was intentional and in violation of V.A.M.S. § 407.020, and the regulations of the Attorney General of Missouri promulgated thereunder, and as a direct and proximate result of Defendants' illegal conduct, Plaintiff Hoft has suffered ascertainable loss in money in excess of $400,000.00.

46. Plaintiff has incurred and will incur attorney's fees in prosecuting this action, for which Defendants are liable under V.A.M.S. § 407.025.

47. In all respects as alleged above, (a) Plaintiff acted as a reasonable consumer would in light of all circumstances, and (b) the method, act, or practice unlawfully employed by

defendant would cause and did in fact cause Plaintiff, as a reasonable person, to enter into the transaction that resulted in damages.

### Count IV: Unjust Enrichment, Constructive Trust & Disgorgement

48. Plaintiffs restate and reallege Paragraphs 1-25 as if fully set forth herein.

49. A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). A key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received a benefit. *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, pet. denied).

50. Defendants were unjustly enriched when they were paid monies from Plaintiffs' depleting insurance policy, taking undue advantage of Defendants by reducing the amounts available under the policy for indemnification of liability.  Every cent Defendants improperly received is a cent that Plaintiffs would have to pay toward any judgment or settlement of the underlying action in excess of the policy limits.

51. By transmitting falsified bills for payment to Plaintiffs' insurer, which bills were paid in whole or in part, Defendants wrongly secured funds that otherwise would indemnify Plaintiffs.

52. Defendants took undue advantage of their position, as the alleged services billed for were largely conducted in private, with no opportunity for Plaintiffs' oversight; Plaintiffs and their insurer were reliant on Defendants' good faith and honesty in billing, which were lacking as set forth above.

53. "A constructive trust is an equitable, court-created remedy designed to prevent unjust enrichment." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 87 (Tex. 2015).

54. Defendants had a fiduciary relationship with Plaintiffs as their counsel.

55. Defendants breached their fiduciary duties to Plaintiffs by submitting falsified bills for payment to the insurer and receiving payment thereon.

56. The funds Defendants wrongfully received can be traced back to the payments made by the insurer.

57. Thus, the Court should impose a constructive trust over the amounts by which Defendants were unjustly enriched. *KCM Fin., supra.*

58. The Court may otherwise order equitable disgorgement by Defendants of the wrongfully received funds on account of Defendants' breach of fiduciary duty and unjust enrichment. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 729 (Tex. 2016).

### REQUEST FOR RELIEF

In light of the foregoing, Plaintiffs hereby pray this Court issue and award:

1) A declaration that Defendants' invoices are fraudulent and excessive and that Plaintiffs are not obligated for payment thereon, whether directly or indirectly, including by Plaintiffs' insurer;

2) Actual and compensatory damages;

3) Disgorgement of all fees unjustly collected by Defendants;

4) A constructive trust over all fees unjustly collected by Defendants;

5) Attorneys' fees and court costs per Tex. Bus. & Com. Code Ann. § 17.50(d) and V.A.M.S. § 407.025; and

6) Such other and further relief as this Court deems mete and just.


Dated: September 27, 2024             Respectfully Submitted,

/s/ John C. Burns
John C. Burns (66462)
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
TBLF@pm.me

*Attorneys for Plaintiff.*