IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HOFT and<br>TGP COMMUNICATIONS, LLC, d/b/a/<br>*The Gateway Pundit*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM CHARLES BUNDREN and<br>BUNDREN LAW GROUP, PLLC,<br><br>Defendants. | CASE NO.: 4:24-CV-01304-HEA |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COME NOW William Charles Bundren ("Bundren") and Bundren Law Group, PLLC ("BLG") (collectively, "Defendants"), by and through counsel, and hereby submit their Memorandum of Law in Support of their Motion to Dismiss Plaintiffs James Hoft ("Hoft") and TGP Communications, LLC d/b/a *The Gateway Pundit's* ("TGP") (collectively, "Plaintiffs") Complaint in its entirety.

**INTRODUCTION**

This case arises out of a state court lawsuit filed in the Circuit Court of St. Louis City, Missouri, styled *Freeman, et al. v. Hoft, et al.*, Case No. 2122-CC-09815 (the "State Action"). Doc 1, ¶ 9. Plaintiffs retained Defendants for representation and a defense in the State Action against allegations of defamation, disparagement, and personal injury, among other things, pursuant to a certain retainer agreement (the "Retainer Agreement"). Doc 1, ¶¶ 9-10. Subject to the Retainer Agreement, Plaintiffs were insured under a certain insurance policy for defense and indemnity, the cost of defense being within the policy limits. Doc 1, ¶¶ 11-12. Plaintiffs have

1

filed the instant Complaint against Defendants claiming the attorneys' fees and costs expended during the course of Defendants' representation in the State Action are excessive and unreasonable. Doc 1, ¶¶ 13-25.

Plaintiffs' Complaint, however, must be dismissed because this Court lacks personal jurisdiction over the Defendants. Plaintiffs have not and cannot show that Defendants have the requisite systematic and continuous minimum contacts with this forum. Nor can Plaintiffs show that Defendants conducted business or activities related to their billing practices and legal representation in this forum. Additionally, Plaintiffs' Complaint must be dismissed for improper venue because Defendants do not reside in Missouri, the events subject to this lawsuit did not occur or arise out of Missouri, and there is no property that is the subject of the instant lawsuit that is situated in Missouri. Further, this Court lacks subject matter jurisdiction over the Defendants such that Plaintiffs have failed to join all of the parties to the Retainer Agreement and relevant insurance agreements. Lastly, this Court should dismiss the instant lawsuit for forum non conveniens because none of the activities described in the Complaint occurred in Missouri and, therefore, Missouri has no interest in the dispute between Plaintiffs and Defendants. In support of these arguments, Defendants offer the Affidavit of Defendant William Charles Bundren (the "Bundren Affidavit") attached hereto as <u>Exhibit A</u>.

**ARGUMENT**

**I. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS AND, THEREFORE, PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(2).**

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 972 (E.D. Mo. 2016) (citation omitted). "To successfully survive a motion to dismiss challenging personal

jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Id*. at 273. "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id.* "If a defendant has not consented to a State's exercise of jurisdiction, personal jurisdiction can be specific or general." *Id.*

i. *This Court does not have general jurisdiction over Defendants.*

Federal courts do not have jurisdiction over a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with " fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 474-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); and, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Defendants have not purposefully established any contact in Missouri and, thus, this Court does not have personal jurisdiction over Defendants. *See generally*, Bundren Affidavit.

Under the minimum-contact analysis, this Court must determine whether Defendants have purposely availed themselves of the benefits and protections of Missouri by conducting substantial activities within Missouri. *See* J. *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011); *Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008). In measuring and determining the minimum contacts, the Court must consider the following elements: (1) the nature and quality of the contacts within Missouri; (2) the quantity of contacts; (3) the relation of the claim to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Steinbuch,* 518 F.3d at 586.

In this case, while TGP is registered to do business in Missouri, its principal place of business is in Florida. Bundren Affidavit, ¶ 16. TGP also filed voluntary bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Florida, which the court later dismissed. *Id.*, ¶ 19. Second, the Insurance Companies (as defined in the Bundren Affidavit, ¶ 34), Plaintiffs, and Defendants negotiated and performed the Retainer Agreement in Texas and all billing for legal services to the Insurance Companies occurred in Texas, not Missouri. *Id.*, ¶¶ 59-124. Third, Defendants' legal services, when not performed in Texas, were performed in Georgia, Louisiana, and Maryland, among other States. *Id.* Fourth, Defendants are not residents of Missouri and have never resided in Missouri nor maintained an office in Missouri. *Id.*, ¶¶ 3-9. Fifth, the Insurance Companies are required by the Insurance Policy (as defined in the Bundren Affidavit, ¶ 32) to pay the legal fees of BLG and they do not reside nor maintain offices in Missouri. *Id.*, ¶¶ 34-35. Defendants simply have no contacts with Missouri and Plaintiffs' claims regarding the billing and invoicing for Defendants' legal services have no connection with Missouri. *Id.*, ¶¶ 3-9, 32-124.

### ii. *This Court does not have specific jurisdiction over Defendants*.

This Court also cannot exercise specific jurisdiction over Defendants because Defendants' alleged activities concerning their billing practices were not purposefully directed in Missouri. This is especially true given that Plaintiffs' alleged claims result from alleged injuries that arise out of or relate to alleged activities in Texas, and perhaps other States, but not Missouri. Bundren Affidavit, ¶¶ 50, 22-124. Importantly, Defendants' invoices for legal fees were submitted to the non-resident Insurance Companies for payment pursuant to the Insurance Policy. *See* Bundren Affidavit, ¶¶ 31-43; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-60 (2021); and, J. *McIntyre Mach., Ltd.*, 564 U.S. at 881.

Ultimately, this Court cannot exercise either general jurisdiction or specific jurisdiction over Defendants because Defendants have no contacts with Missouri that are so continuous and systematic as to render Defendants essentially "at home" in Missouri. *See generally*, Bundren Affidavit; *Daimler AG* , 571 U.S. at 139-38; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### iii. *This Court's assumption of jurisdiction over Defendants would offend traditional notions of fair play, substantial justice, and due process*.

This Court's assumption of jurisdiction over Defendants would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *Int'l Shoe Co.*, 326 U.S. at 316. It would further place an extraordinary burden on Defendants by causing them to defend this action in a foreign forum when material witnesses, records, documents, and files are located in Texas and Georgia, among other States. Bundren Affidavit, ¶¶ 23, 37-124; *Elliott Mach. Corp. v. John Holland Party, Ltd.,* 995 F.2d 474, 479-80 (4th Cir. 1993). Missouri has no interest in this lawsuit because (1) the Retainer Agreement was neither negotiated nor performed in Missouri; (2) the billing invoices were neither prepared, sent or received in Missouri; (3) the non-resident Insurance Companies had an obligation to pay the billing invoices submitted by Defendants; (4) the Insurance Companies are not parties to this lawsuit; and (5) Plaintiffs do not reside nor maintain a principle place of business in Missouri, respectively. Bundren Affidavit, ¶¶ 22-62; *Elliott Mach. Corp.* 995 F.2d at 479-80.

This Court's assumption of jurisdiction over Defendants would also allow Plaintiffs to prosecute this lawsuit in Missouri even though Plaintiffs can obtain convenient and effective relief in the United States District Court for the Eastern District of Texas—Sherman Division. There is currently pending in the Eastern District of Texas litigation between the Insurance Companies, Plaintiffs, and Defendants. Bundren Affidavit, ¶¶ 125-131. And this Court's assumption of

5

jurisdiction would therefore prevent the parties from resolving the instant lawsuit more efficiently in the Eastern District of Texas where the Insurance Companies and Plaintiffs have been named and joined as defendants. *Id.*; *TH Agric & Nutrition, LLC v. Ace Eur. Grp. Ltd*., 488 F.3d 1282, 1292-93 (10th Cir. 2007); and, *Elliott Mach. Corp.* 995 F.2d at 479-80. Lastly, this Court's assumption of jurisdiction over Defendants would not further any fundamental substantial social policy interest of Missouri in that it would split the jurisdiction of this Court with the jurisdiction of the Eastern District of Texas where, again, the relevant parties to the dispute have been named and joined. Bundren Affidavit, ¶¶ 125-131; *TH Agric & Nutrition, LLC*, 488 F.3d at 1297; and, *Elliott Mach. Corp.* 995 F.2d at 479-80.

For these reasons, this Court should grant Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER DEFENDANTS AND, THEREFORE, PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1)

This Court must also have subject matter jurisdiction over Defendants, which is limited to cases arising under the U.S. Constitution, federal law, and cases involving diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Therefore, Plaintiffs must establish their standing in order for this Court to have subject matter jurisdiction. *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023); *TransUnion, LLC v. Ramirez*, 594 U. S. 413, 423-24 (2021); and, *CGM, LLC v. BellSouth Telecomms., Inc*., 664 F.3d 46, 52 (4th Cir. 2011). Plaintiffs, however, have failed to do so such that Plaintiffs are not the parties obligated under the Insurance Policy to pay BLG's defense costs and attorneys' fees rendered in connection with the State Action. *See* Doc 1, ¶¶ 11-22; Bundren Affidavit, ¶¶ 32, 40-46.

As such, this Court should refrain from exercising subject matter jurisdiction based on the doctrine of abstention because there was a pending state court action in Texas that was later removed to the Eastern District of Texas now pending before Judge Amos Mazzant. Bundren Affidavit, ¶¶ 125-131. The Eastern District of Texas provides Plaintiffs with an adequate opportunity to raise the same claims which Plaintiffs now allege in this lawsuit in connection with the Retainer Agreement and the State Action. Ultimately, this Court should dismiss this lawsuit pursuant to the doctrine of abstention. *Brillhart v. Excess Ins.,* 316 U.S. 491, 494-95 (1942) (court should abstain from exercising jurisdiction over declaratory-judgment action when pending state lawsuit presents same question between the same parties); *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (federal court should abstain if parallel suit is filed on same issues); *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (abstention appropriate on principles of judicial economy); *Gold-Fogel v. Fogel*, 16 F.4th 790, 799-800 (2021); *Casiano-Montanez v. State Ins. Fund Corp.*, 707 F.3d 124, 128-29 (1st Cir. 2023); and, *Coles v. Granville*, 448 F.3d 853, 865-66 (6th Cir. 2006).

For these reasons, this Court should dismiss Plaintiffs' lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### III. THIS COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE.

This Court should also dismiss Plaintiffs' Complaint for improper venue pursuant to Rule 12(b)(3), 28 U.S.C. §1406(a-b), and 28 U.S.C. §1391(b)(1), and (2). Under § 1391, venue is only proper if (1) Defendants reside in the district where the suit is brought; (2) a substantial part of the claim occurred in the district where the suit is brought; or (3) a substantial part of the property that is the subject of the action is situated where the suit is brought. 28 U.S. C. §1391(b)(1-2); *Atlantic*

*Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 571 U.S. 49, 55-56 (2013); and, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 431 (2nd Cir. 2005).

None of the factors in *Atlantic Mar. Constr. Co.* are present here because (1) Defendants do not reside in Missouri; (2) a substantial part of Plaintiffs' claim did not occur in Missouri but rather in Texas and other States by virtue of the submission of invoices to the Insurance Companies located in Kansas, Minnesota, and Maryland; and, (3) there is no property that is the subject matter of this lawsuit which is situated in Missouri. Bundren Affidavit, ¶¶ 3-48. Moreover, the Retainer Agreement was negotiated and performable, as stated on the face of the Retainer Agreement, in Texas. Bundren Affidavit, ¶ 26-27. The alleged "excessive" billing of invoices, which Plaintiffs erroneously complain of, were based upon records and evidence in Texas, and were generated and delivered to the non-resident Insurance Companies from Texas. Bundren Affidavit, ¶¶ 34-44.

Plaintiffs do not claim that any of the alleged "excessive" invoices or the alleged "excessive hours" *occurred* in Missouri or the Eastern District of Missouri. *See* Doc 1. In fact, the Complaint admits that Defendants' invoices were "submitted to the insurer for payment." Doc 1, ¶ 13. The Complaint implicitly admits that a "substantial" part of the claimed activities giving rise to this lawsuit <u>did not occur</u> in Missouri nor the Eastern District of Missouri. Other than a recitation of the general venue statute, Plaintiffs have failed to allege—much less offer to prove—that a substantial part of BLG's invoicing and billing activities occurred in Missouri or the Eastern District of Missouri. Ultimately, this lawsuit has no connection to Missouri or to the Eastern District of Missouri.

As such, this Court should grant Defendants' Motion to Dismiss for improper venue pursuant to Rule 12(b)(3).

## IV. THIS COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FORUM NON CONVENIENS.

Alternatively, this Court should dismiss this lawsuit based on forum non conveniens because there is an adequate alternative forum available to Plaintiffs and the balance of private and public interests favor dismissal. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254-55, n.22 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Specifically, Plaintiffs already have an adequate forum to seek redress of their alleged claims against Defendants in the Eastern District of Texas. Bundren Affidavit, ¶¶ 125-131; *see also Piper Aircraft Co.*, 454 U.S. at 254 n. 22; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077-78 (9th Cir. 2015); *Stroitelstvo Bulg. Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009); and, *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211-12 (5th Cir. 2010).

As stated ad nauseam, none of the activities alleged by Plaintiffs occurred in Missouri nor in the Eastern District of Missouri. Bundren Affidavit, ¶¶ 60-124. The Retainer Agreement was negotiated in and performed in Texas. Bundren Affidavit, ¶¶ 23-24, 36. The legal services provided by Defendants to Plaintiffs and others were provided in Texas, Georgia, Florida, Maryland, and Louisiana, among other States. Bundren Affidavit, ¶¶ 59-124. And the Insurance Companies responsible for issuing payment to BLG are not parties to this lawsuit. *See* Doc 1. Nor do the Insurance Companies have or maintain a principal place of business in Missouri. Bundren Affidavit, ¶¶ 34-35.

More importantly, no material witnesses nor any documents or records relevant to the claims asserted by Plaintiffs are located in Missouri. Access to any documents or records relevant to this lawsuit are more readily accessible and available in Texas and Florida where Defendants and Plaintiffs reside, respectively. *Gulf Oil Corp.*, 330 U.S. at 508; *Ranza.*, 793 F.3d at 1078; *Kisano Trade & Invest Ltd.*, 737 F.3d at 877-878. And, the Eastern District of Texas has authority

under the Federal Rules of Civil Procedure and federal law to compel unwilling witnesses to testify. *Gulf Oil Corp.*, 330 U.S. at 508. Lastly, in accordance with the Retainer Agreement, the Insurance Companies, Plaintiffs, and Defendants each agreed that the law of the State of Texas controls the disposition of this lawsuit. Bundren Affidavit, ¶¶ 24-27. Therefore, the Eastern District of Texas should adjudicate this lawsuit. *Gulf Oil Corp.*, 330 U.S. at 508-09.

For these reasons, Plaintiffs' claims can and should be heard in the Eastern District of Texas—Sherman Division. Therefore, this Court should grant Defendants' Motion to Dismiss for Forum Non Conveniens.

## CONCLUSION

In sum, Plaintiffs' Complaint should be dismissed pursuant to the following: (1) lack of subject matter jurisdiction under Rule 12(b)(1); (2) lack of personal jurisdiction under Rule 12(b)(2); (3) improper venue under Rule 12(b)(3); and forum non conveniens.

Dated: October 18, 2024

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ *Liam R. Brannon*
Liam R. Brannon, #73640MO
Katherine I. McLaughlin, #69734MO
150 N. Meramec Ave., Suite 400
St. Louis, Missouri 63105
(314) 721-2525 Phone
(314) 721-5525 Fax
lbrannon@jenkinskling.com
kmclaughlin@jenkinskling.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 18, 2024, the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

      /s/ *Liam R. Brannon*