IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HOFT and TGP COMMUNICATIONS, LLC, d/b/a/ The Gateway Pundit, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM CHARLES BUNDREN and BUNDREN LAW GROUP, PLLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 4:24-CV-01304-HEA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

COME NOW Defendants William Charles Bundren ("Bundren") and Bundren Law Group, PLLC ("BLG") (collectively, "Defendants"), by and through counsel, and hereby submit their Memorandum of Law in Response to Plaintiffs James Hoft ("James Hoft") and TGP Communications, LLC d/b/a The Gateway Pundit's ("TGP") (collectively, "Plaintiffs") Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO") (Doc. 11).

**INTRODUCTION**

This case arises out of a state court lawsuit filed in the Circuit Court of St. Louis City styled *Freeman, et al. v. Hoft, et al.*, Case No. 2122-CC-09815-1 (the "State Action"). Doc 9, ¶ 8. Plaintiffs retained Defendants for legal services and a defense in the State Action against allegations of defamation, disparagement, and personal injury, among other things, pursuant to a certain retainer agreement (the "Retainer Agreement"). Doc. 9, ¶¶ 8-11; Doc. 20, Ex. A, ¶¶ 29-30. Plaintiffs allege in the Complaint that Defendants engaged in fraudulent billing practices and other misconduct in connection with the State Action. *See generally*, Doc 9.

1

Plaintiffs have now filed a TRO that is devoid of any substantive analysis of the *Dataphase* factors and fails to include any arguments that Plaintiffs will suffer irreparable harm if the TRO is not granted. Instead, the TRO simply argues that the Court should enjoin the parties from taking any further action in the lawsuit filed by Defendants in the District Court, 471st Judicial District, Collin County, Texas, Case No. 471-07421-2024 (the "Texas Litigation"). Doc. 11 at 2-5, 9. The TRO relies solely on the "first-to-file" rule set forth in *United States Fire Insurance Co*. Doc. 11 at 6. The problem with this reliance is that the TRO presumes the Court has jurisdiction over this lawsuit and fails to provide any jurisdictional analysis in support thereof. By focusing exclusively on the "first-to-file" rule and neglecting any other relevant considerations, Plaintiffs have effectively failed to address or satisfy any of the factors required under the *Dataphase* analysis.

Importantly, this Court has yet to decide whether it has jurisdiction over the Defendants. Plaintiffs filed their First Amended Complaint (the "Complaint") on October 28, 2024, and followed that with the premature filing of the TRO on November 1, 2024. *See* Docs. 9, 11. In response to the Complaint, Defendants filed a Motion to Dismiss and Memorandum of Law in Support, challenging this Court's jurisdiction on the basis of lack of personal jurisdiction, forum non conveniens, and improper venue. Docs. 19, 20. Defendants additionally moved in the alternative to transfer venue to the Eastern District of Texas pursuant to the Retainer Agreement's forum selection provision, among other things. Doc. 20 at 7-8. Plaintiffs have not and cannot show that this Court has specific personal jurisdiction over Defendants, that Defendants have the requisite systematic and continuous minimum contacts with this forum, nor can Plaintiffs show that a substantial part of the events giving rise to Plaintiffs' claims arise out of Missouri. Doc. 20. Thus, because Plaintiffs only rely on the first-to-file rule, this Court should determine whether it can assert jurisdiction over Defendants before the merits of the TRO are ruled on.

Plaintiffs are ultimately requesting the extraordinary relief of a temporary restraining order and a preliminary injunction, when, in essence, their primary objective is to have the Texas Litigation stayed or transferred to and consolidated with this Court. Not only is the relief requested procedurally improper, but Plaintiffs utterly fail to state what irreparable harm they are facing or will face. Such deficiencies are fatal to the TRO.

### STATEMENT OF FACTS

TGP is a limited liability company that conducts business in the State of Texas, and Collin County, Texas, and the United States District Court for the Eastern District of Texas – Sherman Division. Doc. 20, Ex. A, ¶ 18. TGP maintains its principal place of business at 1820 NE Jensen Beach Boulevard, Suite 1120, Jensen Beach, Florida 34957. *Id.* TGP's principal place of business is located business at 1820 NE Jensen Beach Boulevard, Suite 1120, Jensen Beach, Florida 34957. *Id.* James Hoft is the sole member and manager and agent of and for TGP. *Id.*, ¶ 19. James and Joe Hoft (the "Hofts") are residents and citizens of the State of Florida. *Id.*, ¶ 20.

On April 24, 2024, TGP filed a voluntarily petition for non-individuals filing Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. Doc. 20, Ex. A, ¶ 21. TGP listed the "debtor's address" as "1820 NE Jensen Beach Boulevard, Unit 1129, Jensen Beach, Florida 34957" in Martin County, Florida. *Id.,* ¶ 22. On July 27, 2024, TGP's voluntary bankruptcy was dismissed by the United States Bankruptcy Court for the Southern District of Florida. *Id.*, ¶ 23. (Doc. 95 filed in Case No. 24-13938-MAM in the United States Bankruptcy Court for the Southern District of Florida). In its Memorandum Opinion and Order, the United States Bankruptcy Court for the Southern District of Florida found that in 2021 James Hoft decided to spend most of his time in Florida and that James Hoft used TGP's "funds" to purchase "an oceanfront condo in Jensen Beach, Florida." *Id.* The United States Bankruptcy Court

3

for the Southern District of Florida also found that "Hoft began conducting TGP's operations in Florida" and that "[a]ccording to TGP's Statement of Financial Affairs, TGP started doing business in Florida sometime in October 2021." *Id.* The Court also found that "[t]aking Hoft's sworn testimony at face value, TGP has been doing business in the State of Florida for approximately three years." *Id.*

Bundren conducted, performed, and organized all activities and legal services for BLG in Collin County, Texas, at the law offices of BLG with respect to the legal representation and defense of TGP and the Hofts in the State Action. Doc. 20, Ex. A, ¶ 24. BLG did not perform any legal work in its defense of TGP and the Hofts in the State of Missouri except that he appeared as a non-participant in a few hearings. *Id.*, ¶ 25. BLG's law firm offices are located in Collin County, Texas. BLG has never had an office in Missouri. Bundren *Id.*, ¶ 26.

TGP and the Hofts contacted Bundren in December of 2023 and requested that BLG provide legal representation for a defense of TGP and the Hofts in the State Action. *Id.*, ¶ 28. On January 10, 2024, TGP and the Hofts executed and delivered a Retainer Agreement to BLG in Collin County, Texas in connection with the State Action. *Id.*, ¶¶ 29-30. The Retainer Agreement states, in part, in capitalized and bold font that:

> **13. THIS LETTER AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, AND *ALL OBLIGATIONS OF THE PARTIES ARE PERFORMABLE IN COLLIN COUNTY, TEXAS*. THIS AGREEMENT CAN BE ENFORCEABLE BY ANY COURT OF COMPETENT JURISDICTION IN COLLIN COUNTY, TEXAS.**

*See* Doc. 20, Ex. A, ¶¶ 29-30 (emphasis added and bold in the original). As stated in the Retainer Agreement, all services provided by BLG and its employees, attorneys and legal assistants were to be performed in Collin County, Texas. Doc. 20, Ex. A, ¶ 30. Before BLG agreed to undertake a defense of TGP and the Hofts, however, BLG requested information on the

4

existence of an insurance policy or agreement that insured or covered the reimbursement of defense costs and attorney fees for BLG's legal services. *Id.*, ¶ 32. Before execution of the Retainer Agreement, BLG received a copy of a "Media Advantage Policy" and "Media Professional Liability" with an insurance policy No. MEP-25081-21 (the "Insurance Policy"), which covered TGP and the Hofts for the defense costs and alleged claims and allegations asserted in the State Action. *Id.*, ¶ 34. The Insurance Policy requires the Insurance Companies to pay for the defense costs incurred by BLG in connection with the Freeman-Moss Lawsuit to BLG in Texas. *Id.*, ¶ 35. The Insurance Policy was issued and guaranteed by a number of insurance companies, including Atlantic Specialty Insurance Company ("Atlantic"), One Beacon Professional Insurance Group and One Beacon Professional Insurance, Inc. (collectively, "Beacon"), and Intact Insurance Group, USA, LLC ("Intact"). Atlantic, Beacon, and Intact are hereinafter referred to collectively as the ("Insurance Companies"). *Id.*, ¶ 36.

On October 3, 2024, Defendants provided the Hofts and TGP with notice that BLG was terminating its representation and withdrawing as counsel for the Hofts and TGP effective immediately because of the Insurance Companies', TGP's, and the Hofts' failure to pay BLG its attorneys' fees and costs expended in the State Action pursuant to the Retainer Agreement. Doc. 20, Ex. A, ¶ 38.

On October 8, 2024, BLG filed a lawsuit against the Insurance Companies, TGP, and the Hofts in the 471st District Court of Collin County, Texas, for, *inter alia,* breach of contract, promissory estoppel, and third-party beneficiary of the Insurance Contract, seeking damages against the Insurance Companies, TGP, and the Hofts, jointly and severally, for their refusal to pay the Invoices and defense costs, attorneys' fees, and litigation expenses expended by BLG. *Id.*, ¶

39. On October 8, 2024, the 471st District Court of Collin County, Texas granted BLG a Temporary Restraining Order against the Insurance Companies. *Id.*, ⁋ 40.

On October 9, 2024, TGP only filed a Notice of Removal of the 471st District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas –Sherman Division. *Id.*, ⁋ 41. On October 11, 2024, BLG filed an Application for Temporary Restraining Order with the United States District Court for the Eastern District of Texas – Sherman Division. *Id.*, ⁋ 42.

On October 11, 2024, United States District Court Judge Amos Mazzant of the United States District Court for the Eastern District of Texas, conducted a hearing on BLG's Application for Temporary Restraining Order. *Id.*, ⁋ 43. Judge Mazzant granted BLG's Application for Temporary Restraining Order and entered a Memorandum Opinion and Order. *Id.*, ⁋ 44.

The Insurance Companies conduct business in the State of Texas, including Collin County, Texas, and the United States District Court for the Eastern District of Texas. But none of the Insurance Companies have a principal place of business in Missouri and the Insurance Companies have been named as Defendants and have appeared and answered in the Eastern District of Texas litigation. *Id.*, ⁋⁋ 46-50. BLG, TGP, and the Insurance Companies have filed multiple documents in the Eastern District of Texas Litigation including motions to remand the Eastern District of Texas Litigation to the 471st Judicial District Court of Collin County, Texas, and amended Notices of Removal. *Id.*, ⁋⁋ 51-54. BLG relied on the Insurance Policy issued by the Insurance Companies as the primary contract to pay BLG's defense costs, attorney fees, and expenses expended in defense of TGP and the Hofts. The invoices were prepared in Collin County, Texas, and submitted to the Insurance Companies in Minnesota and the Hofts in Florida. Although a portion of the

6

invoices were paid by the Insurance Companies in Collin County, Texas, the Insurance Companies have failed and refused to pay all of the amounts due and owing to BLG. *Id.*, ¶¶ 54-63.

BLG and its attorneys, legal assistants, employees, and consultants were specifically retained by the Insurance Companies, TGP, and the Hofts to investigate and obtain admissible evidence from Georgia and other states (not including Missouri) regarding the Fulton County (Georgia) Events, as defined in Doc. 20, Ex. A, ¶¶ 63-71. None of BLG's attorneys, legal assistants, employees, and/or consultants are, or were at any time, residents of the State of Missouri, and none reside in the State of Missouri or undertook any investigation of the facts, interviews, or discovery in the State of Missouri for purposes of legal services in connection with the State Action. *Id.*, ¶ 72. To fulfill instructions from the Insurance Companies, TGP, and the Hofts, BLG conducted investigations and sought admissible discovery in the States of Georgia, Texas, Washington D.C., Virginia, Maryland, and State of Louisiana. *Id.*, ¶ 73. BLG did not conduct investigations, nor did it seek admissible evidence in the State of Missouri. *Id.*, ¶ 74. Defendants investigated and sought admissible evidence for the Freeman-Moss Lawsuit primarily in Georgia, but also in Texas and Washington D.C. *Id.*, ¶¶ 75-131.

BLG is a Plaintiff in the Texas Litigation in which the Insurance Companies and Joe Hoft are named as defendants. However, the Insurance Companies and Joe Hoft are not parties to the instant lawsuit. *Id.*, ¶ 139.

All of the material witnesses and material evidence exist primarily in the states of Texas and Georgia, but there is no material evidence, records, documents, or witnesses in Missouri. Doc. 20, Ex. A, ¶¶ 140-149.

## ARGUMENT

For the reasons urged in Defendants' Memorandum of Law in Support of their Motion to Dismiss (Doc. 20 at 3-5), this Court has no specific personal jurisdiction to hear the complaints of Plaintiffs and, thus, there is no "concurrent jurisdiction" between this Court and the United States District Court for the Eastern District of Texas. Additionally, venue is not proper in this Court (Doc. 20 at 6-7) and, thus, as a preliminary matter, the TRO should be denied.

The parties in this suit are different than the Texas Litigation and Plaintiffs have provided no authorities to support granting the TRO that would restrain a pending federal case from proceeding in another federal court when the parties in the two civil actions are different. Defendants could find no authority to support the extraordinary relief requested by Plaintiffs.

Further, Plaintiffs have provided no authorities to support enjoining the Texas Litigation from proceeding with its civil action when the claims and causes of action are different than the claims and causes of action currently before this Court. The primary claim in the Texas Litigation is that the Insurance Companies breached the Insurance Policy by failing and refusing to pay BLG's attorneys' fees and defense costs. That claim is not present here nor are the Insurance Companies parties to the instant lawsuit. Plaintiffs have provided no legal authorities to support the extraordinary remedy of injunction in these circumstances.

Plaintiffs' "authorities" in the TRO[1] are inapplicable to the facts and circumstances of this case and do not support the extraordinary relief requested by Plaintiffs because, *inter alia*, the parties are not identical and the claims and causes of action in the two cases are not identical.

---

[1] *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487 (8th Cir. 1990); *Northwest Airlines v. American Airlines,* 989 F.2d 1002 (8th Cir. 1992); *Munlake Contrs., Inc. v. Brantley Devs., L.L.C.*, 2011 U.S. U.S. Dist. LEXIS 102300 (W. D. Missouri 2011); *SL EC, LLC v. Ashley Energy, LLC,* 2019 U.S. Dist. LEXIS 220880 (E.D. Missouri 2019); *Martin v. Graybar Electric Co.*, 266 F.2d 202 (7th Cir. 1959); *Minnesota Mining & Mfg. Co. v. Rynne,* 661 F.2d 722

Unlike the situation in *Northwest Airlines*, Plaintiffs raced to the courthouse when Plaintiffs received demand letters from BLG to pay its past due invoices. *See* Defendants' Affidavit in Support of their Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Defendants' Affidavit") and accompanying Exhibits 1-8 attached hereto as Exhibit A.

The Insurance Companies had failed to pay the invoices dating back to March 12, 2024, and when BLG began to demand payment on August 19, 2024, August 29, 2024, September 24, 2024, September 25, 2024, and September 27, 2024 (*see* Exhibits 1-8 attached to Defendants' Affidavit), Plaintiffs raced to the courthouse. Likewise, unlike *Northwest Airlines*, the claims asserted in the Eastern District of Texas Litigation and this forum are not identical, and the parties are not identical. *Northwest Airlines*, 989 F.2d at 1007. *Northwest Airlines* is distinguishable, and not controlling.

Unlike the absence of a compelling circumstances in *Northwest Airlines* and *Munlake Contrs., Inc.*, compelling circumstances exist in this case to deny the TRO. Plaintiffs raced to the courthouse and filed a suit for "declaratory relief," which has all the earmarks of "red flags." *Northwest Airlines*, 989 F.2d at 1007. Because Plaintiffs' Original Complaint (Doc. 1) was simply seeking "declaratory relief," this Court has greater discretion to abstain and deny Plaintiffs' Motion. R*oyal Indem. Co. v. Apex Oil Co.*, 511 F.3d 792 (8th Cir. 2008). This Court should be very leery of Plaintiffs' first-filed suit for "declaratory judgment," which is more indicative of a "preemptive strike than a suit for damages or equitable relief." *Northwest Airlines,* 989 F.2d 1007. And this is especially evident given that there is no personal jurisdiction over Defendants and the

---

(8th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hayda*, 675 F.2d 1169 (8th Cir. 1982); and, *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985).

9

suit was hastily filed in an improper venue. *See* Doc. 20. Thus, the "first-filed doctrine" should not be applied.

## CONCLUSION

In sum, this Court lacks personal jurisdiction over Defendants, and Plaintiffs' Original Complaint for "declaratory relief" was nothing more than a race to the courthouse to get a "preemptive strike" where venue is clearly improper. Therefore, Plaintiffs' TRO should be denied.

Dated: November 7, 2024                              Respectfully submitted,

                                                               JENKINS & KLING, P.C.

By: /s/ *Liam R. Brannon*
    Liam R. Brannon, #73640MO
    Katherine I. McLaughlin, #69734MO
    150 N. Meramec Ave., Suite 400
    St. Louis, Missouri 63105
    (314) 721-2525 Phone
    (314) 721-5525 Fax
    lbrannon@jenkinskling.com
    kmclaughlin@jenkinskling.com
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on November 7, 2024, the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

                     /s/ *Liam R. Brannon*