IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HOFT and TGP COMMUNICATIONS, LLC, d/b/a/ The Gateway Pundit, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM CHARLES BUNDREN and BUNDREN LAW GROUP, PLLC, <br><br> Defendants. | ) ) ) ) ) ) CASE NO.: 4:24-CV-01304-HEA ) ) ) ) ) ) ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
AND, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

COME NOW Defendants William Charles Bundren ("Bundren") and Bundren Law Group, PLLC ("BLG") (collectively, "Defendants"), by and through counsel, and hereby submit their Memorandum of Law in Support of their Motion to Dismiss Plaintiffs James Hoft ("Hoft") and TGP Communications, LLC d/b/a The Gateway Pundit's ("TGP") (collectively, "Plaintiffs") First Amended Complaint (the "Complaint") and, alternatively, Motion to Transfer Venue.

**INTRODUCTION**

Plaintiffs' Complaint must be dismissed because this Court lacks personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiffs failed to plead facts that demonstrate Defendants have the requisite sufficient "minimum contacts" with Missouri. Plaintiffs further failed to plead facts that show this suit arises out of or relates to the Defendants' contacts with this forum. Additionally, the Complaint must be dismissed because venue is improper pursuant to Rule 12(b)(3) and 28 U.S.C. § 1391(b). Plaintiffs failed to plead any facts that show a substantial part of the events giving rise to Plaintiffs' claims occurred in

1

Missouri. For these reasons, this Court must dismiss the Complaint or, alternatively, transfer venue to the Eastern District of Texas.

**RELEVANT BACKGROUND**

This case arises out of a state court lawsuit filed in the Circuit Court of St. Louis City styled *Freeman, et al. v. Hoft, et al.*, Case No. 2122-CC-09815-1 (the "State Action"). Doc 9, ¶ 8. Plaintiffs retained Defendants for legal services and a defense in the State Action against allegations of defamation, disparagement, and personal injury, among other things, pursuant to a certain retainer agreement (the "Retainer Agreement"). Doc. 9, ¶¶ 8-11. Plaintiffs allege in the Complaint that Defendants engaged in fraudulent billing practices and other misconduct in connection with the State Action. *See generally*, Doc 9.

BLG is a professional limited liability company and is a citizen of the State of Texas. *See* the Affidavit of William Charles Bundren (the "Bundren Affidavit") attached hereto as Exhibit A, ¶ 26; Doc. 9, ¶ 7. Bundren is the sole member of BLG and is a citizen of the State of Texas. Bundren Affidavit, ¶ 6; Doc. 9, ¶ 6-7. TGP is a limited liability company organized under the laws of Missouri with its principal place of business in Jensen Beach, Martin County, Florida. Bundren Affidavit, ¶¶ 18, 21-23, 52-53, 132-137; Doc. 9, ¶ 5. Hoft is the sole member of TGP and is a citizen of the State of Florida. Bundren Affidavit, ¶ 132; Doc. 9, ¶ 4. Thus, Plaintiffs are citizens of the State of Florida. *See Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th at 634-635 (8th Cir. 2022) (the "State of an LLC's organization does not determine its citizenship; only citizenship of the LLC's members is determinative"). Neither Plaintiffs nor Defendants are citizens of the State of Missouri.

**ARGUMENT**

I. **THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS AND, THEREFORE, PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(2).**

This Court lacks personal jurisdiction over Defendants because the parties are not citizens of Missouri, and this suit does not arise out of or relate to the Defendants' contacts with Missouri. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912 (8th Cir. 2012) ("[s]pecific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum, the cause of action, and the defendant"); s*ee also Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 972-975 (E.D. Mo. 2016) (citation omitted). Specifically, Missouri's long arm statute, Mo. Rev. Stat. § 506.500.1, does not authorize specific jurisdiction over Defendants. And even if it did, Defendants do not have the sufficient minimum contacts with Missouri to comport with the due process considerations and traditional notions of fair play and substantial justice. *Mitchell*, 159 F. Supp. 3d at 974-75 (citations omitted); *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 474-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

    A. Missouri's Long Arm Statute Does Not Authorize This Court's Jurisdiction Over Defendants.

Section 506.500.1 only "extends jurisdiction to the limits of the Due Process Clause, [but] it does so only for acts within its enumerated categories." *Id.* at 974. Plaintiffs invoke Section 506.500.1(1-2) as a basis for the application of Missouri's long-arm statute. Doc. 9, ¶ 2. Plaintiffs allege that because Bundren applied for Pro Hac Vice admission in the State Action, this Court has jurisdiction over Defendants. *Id.* Plaintiffs are mistaken, however, because an application for Pro Hac Vice admission does not constitute a "transaction of business" nor does it involve the making of any contract in Missouri that gives rise to this suit. *Copeland v. WRBM, LLC*, 679

3

S.W.3d 30, 39 (Mo. App. E.D. 2023), reh'g and/or transfer denied (Oct. 17, 2023), transfer denied (Dec. 19, 2023). The contract that gives rise to this suit is the Retainer Agreement, not Bundren's Pro Hac Vice application in the State Action. *See* Bundren Affidavit, ¶¶ 29-30. And there are no facts in the Complaint that allege the parties executed the Retainer Agreement in Missouri. *Id*. For these reasons, Missouri's long arm statue does not authorize jurisdiction over Defendants.

  B. <u>Defendants Do Not Have Sufficient Minimum Contacts With Missouri</u>.

Under minimum-contact analysis, this Court must determine whether Defendants have purposely availed themselves of the benefits and protections of the State of Missouri by conducting substantial activities within Missouri. J. *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011); *Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008). In measuring and determining the minimum contacts, the Court must consider the following elements: (1) the nature and quality of the contacts within Missouri; (2) the quantity of contacts; (3) the relation of the claim to the contacts; (4) the interest of the forum state in providing a forum for its residents; and, (5) the convenience of the parties. *Steinbuch,* 518 F.3d at 586*.*

In this case, (1) Plaintiffs are not residents of Missouri but instead are residents of Florida and maintain their principal place of business and residence in Florida (Bundren Affidavit, ¶¶ 18, 21-23, 52-53, 132-137; Doc. 9, ¶¶ 4-5); (2) the Retainer Agreement was negotiated and performed in Texas and all billing for legal services to the Insurance Companies occurred in Texas, not Missouri (*id*. at ¶¶ 27-30); (3) Defendants' legal services, when not performed in Texas, were substantially performed in Georgia, Louisiana, and Maryland, among other States, not including Missouri. (*id.*, ¶¶ 64-132); (4) Defendants are neither residents nor citizens of Missouri and have never resided in Missouri or had an office in Missouri (*id.* at ¶¶ 3-9, 13-18, 21-27, 52-53); and (5)

4

the Insurance Companies who are required by the Insurance Policy to pay BLG's attorneys' fees and costs, do not reside in Missouri (*id.* at ¶¶ 34-37, 46-50, 52-53).

Even if Missouri's long arm statute applied, this Court's assumption of jurisdiction over Defendants would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *Mitchell*, 159 F. Supp. 3d at 974-75. Defendants contacts with Missouri are not sufficient and have no substantial connection to Missouri. *See Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 821-22 (8th Cir. 2014) (analyzing the five factors in measuring and determining minimum contacts); *see also Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 225 (8th Cir. 1987).

BLG has never solicited business or advertised business in Missouri, and BLG does not maintain a website, nor any social media presence in Missouri. *Id.*, ¶ 26. Furthermore, the preparation and submission of invoices and other billing practices complained of occurred in Texas and were transmitted to Plaintiffs and the Insurance Companies in Florida and Minnesota. *Id.*, ¶¶ 56-62, 132-137. Defendants simply have no sufficient contacts with and no substantial connection to Missouri. *Id.*, ¶¶ 140-148; *see generally*, Doc. 9.

Ultimately, this Court's exercise of jurisdiction would place an extraordinary burden on Defendants by causing them to defend this action when all material witnesses, records, documents, and files are located in Texas, Florida, Minnesota, and Georgia, among other States, except Missouri. *Id.*, ¶¶ 56-148. Defendants' contacts with Missouri amount to a few appearances for routine hearings in the State Action, which is not substantial enough to confer specific jurisdiction over Defendants.

For the foregoing reasons, this Court should dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II. THIS COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE PURSUANT TO RULE 12(B)(3).

This Court should also dismiss Plaintiffs' Complaint for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1391(b)(1-2). Under Section 1391, venue is only proper if (1) Defendants reside in the district where the suit is brought; (2) a substantial part of the claim occurred in the district where the suit is brought; or (3) a substantial part of the property that is the subject of the action is situated where the suit is brought. 28 U.S. C. § 1391(b)(1-2); *Atlantic Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 571 U.S. 49, 55-56 (2013); *see also In re Union Elec. Co.*, 787 F.3d 903, 906 (8th Cir. 2015).

None of the factors of *Atlantic Mar. Constr. Co.* are present here because (1) Defendants do not reside in Missouri; (2) a substantial part of Plaintiffs' claims against Defendants—fraudulent billing practices—did not occur in Missouri; and (3) there is no property that is the subject matter of this lawsuit which is situated in Missouri. Bundren Affidavit, ¶¶ 9-148. The alleged "excessive" and "fraudulent" billing practices concern records and evidence found in Texas that were generated and delivered to the Insurance Companies from Texas to Kansas, Minnesota, and Maryland. *Id*., ¶¶ 35, 46-63. None of the Insurance Companies responsible for payment of the defense costs under the Insurance Policy have a principal place of business in Missouri. *Id*., ¶¶ 46-53.

The Complaint contains a plethora of allegations that support the reasonable inference that a "substantial" part of Defendants' alleged fraudulent billing practices and misconduct occurred in States other than Missouri. *Id*., ¶ 140. Plaintiffs must show that the Eastern District of Missouri has a substantial connection to Plaintiffs' claims. *Pecoraro v. Sky Ranch for Boys. Inc.,* 340 F.3d 558, 563 (8th Cir. 2003); *Gulf Ins. v. Glasbrenner*, 417 F.3d 353, 356-57 (2nd Cir. 2005). Other

6

than a boilerplate recitation of the general venue statute, Plaintiffs have failed to make such a connection.

As such, this Court should grant Defendants' Motion to Dismiss for improper venue pursuant to Rule 12(b)(3).

### III. THIS COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FORUM NON CONVENIENS.

This Court should dismiss this lawsuit based on forum non conveniens because there is an adequate alternative forum available to Plaintiffs and the balance of private and public interests favor dismissal. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254-55, n.22 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Specifically, there is already litigation pending in the Eastern District of Texas that involve Plaintiffs and the Insurance Companies relating to the State Action and the Retainer Agreement. Doc. 9, ¶¶ 23-29; Bundren Affidavit, ¶¶ 38-54. No material witnesses nor any documents or records relevant to the claims asserted by Plaintiffs are located in Missouri. Bundren Affidavit, ¶¶ 140-148. Furthermore, access to any documents or records relevant to this suit are more readily accessible and available in Texas and Florida where Defendants and Plaintiffs reside. Moreover, the parties agreed that the laws of the State of Texas would control the disposition of this suit, and other disputes related to the Retainer Agreement. *Id.*, ¶¶ 29-30. As such, this Court should grant Defendants' Motion to Dismiss for forum non conveniens.

### IV. ALTERNATIVELY, THIS COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404.

This Court should transfer venue to the Eastern District of Texas because it is a more adequate and proper venue to dispose of the claims alleged by Plaintiffs. 28 U.S.C. § 1404.

7

First, the Retainer Agreement executed by Plaintiffs and Defendants contained a forum selection clause that the Retainer Agreement shall be construed in accordance with the laws of the State of Texas and can be enforceable by any court of competent jurisdiction in Collin County, Texas. *See In re Union Elec. Co.*, 787 F.3d at 909, quoting *Atl. Marine*, 571 U.S. at 62-66 ("[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied"); *see also* Bundren Affidavit, ¶¶ 29-30. In the interest of justice, the parties should be held to their bargain. *Id.*

Second, the material evidence and witnesses regarding Defendants' billing practices are located and more readily accessible in Collin County, Texas. Bundren Affidavit, ¶ 140-148. There are no material witnesses or evidence located and present in Missouri to support Plaintiffs' claims. Ultimately, a substantial part of the alleged claims giving rise to this suit occurred outside Missouri in the State of Texas. *See generally*, Doc. 9; Bundren Affidavit, ¶¶ 56-148. Missouri does not have an interest in retaining a lawsuit that does not involve Missouri citizens. And given that there is already pending litigation between the parties in Texas, in the interests of justice, venue should be transferred to the Eastern District of Texas.

For the foregoing reasons, this Court should transfer venue to the Eastern District of Texas pursuant to 28 U.S.C. § 1404.

## **CONCLUSION**

In sum, the Complaint should be dismissed for lack of personal jurisdiction, improper venue, and forum non conveniens. Alternatively, this suit should be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404.

Dated: November 8, 2024  Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ *Liam R. Brannon*
   Liam R. Brannon, #73640MO
   Katherine I. McLaughlin, #69734MO
   150 N. Meramec Ave., Suite 400
   St. Louis, Missouri 63105
   (314) 721-2525 Phone
   (314) 721-5525 Fax
   lbrannon@jenkinskling.com
   kmclaughlin@jenkinskling.com
   *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2024, the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

 /s/ *Liam R. Brannon*