**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JAMES HOFT and )
TGP COMMUNICATIONS, LLC, d/b/a/ )
The Gateway Pundit, )
)
)
            Plaintiffs, )
) CASE NO.: 4:24-CV-01304-HEA
v. )
)
WILLIAM CHARLES BUNDREN and )
BUNDREN LAW GROUP, PLLC, )
)
            Defendants. )

---

## AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

---

STATE OF TEXAS            §
                          §
COUNTY OF COLLIN          §

Before me, the undersigned notary, on this day personally appeared Charles

Bundren, the affiant, a person whose identity is known to me. After I

administered an oath, affiant testified as follows:

    1.    My name is Charles Bundren. I do hereby swear under penalty of

perjury that the facts stated in this Affidavit are within my personal knowledge and

are true and correct.

---

**EXHIBIT A**

2.      I am over the age of 18 years, of sound mind, and a resident of the City of Frisco, Texas, in Collin County, Texas. I submit this affidavit based upon my personal knowledge and, if called upon to testify as to the contents of this Affidavit, I am legally competent to testify to the contents of the Affidavit in a court of law.

3.      I am a member of the State Bar of Texas. I received my membership and license to practice law in the State of Texas on November 12, 1979. My State Bar of Texas bar number is 03343200.

4.      I am a member of the bar of the Supreme Court of the United States, the United States Court of Appeals for the Fifth Circuit, the United States Court of Appeals for the Eleventh Circuit, the United States District Court for the Eastern District of Texas, the United States District Court for the Northern District of Texas, the United States District Court for the Southern District of Texas, and the United States District Court for the Western District of Texas.

5.      I have never been a member of the State Bar of Missouri. I have never been a member of any United States District Court in Missouri. I have never been a member of any United States Court of Appeals in Missouri.

6.      I am registered to vote as a citizen of Collin County in the State of Texas.

7.      I attended Texas Tech University in Lubbock, Texas and received my undergraduate degree in May of 1976.

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT                                                                 PAGE 2**

**EXHIBIT A**

8.    I received my law degree from Texas Tech University School of Law in May of 1979.

9.    I am currently employed by Bundren Law Group, PLLC ("BLG") in the capacity of manager and attorney. In my capacity as manager and attorney of BLG, I am responsible for overall management and supervision of BLG.

10.    I was one of the attorneys whom represented TGP COMMUNICATIONS, LLC ("TGP"), Jim "James" Hoft, individually, and Joe Hoft, individually (collectively, the "Hofts"), who were sued by Ruby Freeman ("Freeman") and Shea Moss ("Moss") in the case styled *Ruby Freeman, et al.,* v. *James Hoft, et al.*, Case No. 2122-CC09815-1, for, *inter alia,* defamation, disparagement, personal injury, harm to character or reputation, including libel and slander in connection with publications allegedly made by TGP and the Hofts concerning events occurring at the State Farm Arena in Fulton County, Georgia on election day of November 2020. The lawsuit hereinafter is referred to as (the "Freeman-Moss Lawsuit").

11.    I was admitted Pro Hac Vice in the Freeman-Moss Lawsuit on January 24, 2024.

12.    I appeared for and simply observed a few status hearings in the Freeman-Moss Lawsuit following Pro Hac Vice admission.  I did not file any

**EXHIBIT A**

motions or pleadings on behalf of TGP and the Hofts nor did I participate in oral argument or motion practice physically in the State of Missouri.

13.    I have never practiced law or operated a law practice in the State of Missouri other than those non-participatory observances referenced in Paragraph 12.

14.    I have never been employed as a lawyer by any law firm or lawyer licensed to practice in the State of Missouri.

15.    I have never lived in Missouri and I do not own any property in Missouri.

16.    I have never been a citizen or resident of the State of Missouri.

17.    I have been a resident and citizen of the State of Texas, exclusively, since my date of birth on November 17, 1953.

18.    TGP is a limited liability company that conducts business in the State of Texas, and Collin County, Texas, and the United States District Court for the Eastern District of Texas – Sherman Division. TPG maintains its principal place of business at 1820 NE Jensen Beach Boulevard, Suite 1120, Jensen Beach, Florida 34957. TGP conducts its business affairs in the State of Florida and at its principal place of business at 1820 NE Jensen Beach Boulevard, Suite 1120, Jensen Beach, Florida 34957.

19.    James Hoft is the sole member and manager and agent of and for TGP.

20.    The Hofts are residents and citizens of the State of Florida.

**EXHIBIT A**

21.     On April 24, 2024, TGP filed a voluntarily petition for non-individuals filing Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. A true and accurate copy of the Voluntary Petition filed is attached as Exhibit 1 to this affidavit.

22.     In the Voluntary Bankruptcy Petition, TGP listed the "debtor's address" as "1820 NE Jensen Beach Boulevard, Unit 1129, Jensen Beach, Florida 34957" in Martin County, Florida. *See* Ex. 1.

23.     On July 27, 2024, TGP's voluntary bankruptcy was dismissed by the United States Bankruptcy Court for the Southern District of Florida. *See* Exhibit 2. (Doc. 95 filed in Case No. 24-13938-MAM in the United States Bankruptcy Court for the Southern District of Florida). In its Memorandum Opinion and Order, the United States Bankruptcy Court for the Southern District of Florida found that in 2021 James Hoft decided to spend most of his time in Florida and that Jim Hoft used TGP's "funds" to purchase "an oceanfront condo in Jensen Beach, Florida." *See* Ex. 2 at 3. The United States Bankruptcy Court for the Southern District of Florida also found that "Hoft began conducting TGP's operations in Florida" and that "[a]ccording to TGP's Statement of Financial Affairs, TGP started doing business in Florida sometime in October 2021. . . ." *Id.* The Court also found that "[t]aking Hoft's sworn testimony at face value, TGP has been doing business in the State of Florida for approximately three years." *Id.*

**EXHIBIT A**

24.    I conducted, performed, and organized all activities and legal services for BLG in Collin County, Texas, at the law offices of BLG with respect to the legal representation and defense of TGP and the Hofts in the Freeman-Moss Lawsuit.

25.    BLG did not perform any legal work in its defense of TGP and the Hofts in the State of Missouri other than observing as a non-participant in a few hearings.

26.    BLG's law firm offices are located in Collin County, Texas. BLG has never had an office in Missouri. BLG has never solicited business or advertised business in the State of Missouri, and BLG does not maintain a website, nor any social media presence in the State of Missouri.

27.    I negotiated all contracts and attorney retention agreements between BLG, TGP, the Hofts, and the Insurance Companies whom insured both TGP and the Hofts in connection with the Freeman-Moss Lawsuit.

28.    TGP and the Hofts contacted me in December of 2023 and requested that BLG provide legal representation for a defense of TGP and the Hofts in the Freeman-Moss Lawsuit.

29.    On January 10, 2024, TGP and the Hofts executed and delivered a Retainer Agreement to BLG in Collin County, Texas in connection with the Freeman-Moss Lawsuit. A true and correct copy of the January 10, 2024 Retainer Agreement (the "Retainer Agreement") is attached as Exhibit 3 to this Affidavit.

30.    The Retainer Agreement states, in part, in capitalized and bold font that:

**EXHIBIT A**

**13. THIS LETTER AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, AND *ALL OBLIGATIONS OF THE PARTIES ARE PERFORMABLE IN COLLIN COUNTY, TEXAS.* THIS AGREEMENT CAN BE ENFORCEABLE BY ANY COURT OF COMPETENT JURISDICTION IN COLLIN COUNTY, TEXAS.**

*See* Ex. 3 (Emphasis added and bold in the original). As stated in the Retainer Agreement, all services provided by BLG and its employees, attorneys and legal assistants were to be performed in Collin County, Texas.

31.     I am not a party to the Retainer Agreement and did not execute the Retainer Agreement in my individual capacity.

32.     Before BLG agreed to undertake a defense of TGP and the Hofts, BLG requested information on the existence of an insurance policy or agreement that insured or covered the reimbursement of defense costs and attorney fees for BLG's legal services.

33.     TGP and the Hofts represented and promised that they were insured under an insurance policy or agreement that would guarantee payment of BLG's defense costs and attorney fees invoices for legal representation in connection with the Freeman-Moss Lawsuit.

34.     Before execution of the Retainer Agreement, BLG received a copy of a "Media Advantage Policy" and "Media Professional Liability" with an insurance policy No. MEP-25081-21 (the "Insurance Policy"), which covered TGP and the

Hofts for the defense costs and alleged claims and allegations asserted in the Freeman-Moss Lawsuit. A true and correct copy of the Insurance Policy is attached as Exhibit 4 to this Affidavit.

35.     The Insurance Policy requires the Insurance Companies to pay for the defense costs incurred by BLG in connection with the Freeman-Moss Lawsuit to BLG in Texas.

36.     The Insurance Policy was issued and guaranteed by a number of insurance companies, including Atlantic Specialty Insurance Company ("Atlantic"), One Beacon Professional Insurance Group and One Beacon Professional Insurance, Inc. (collectively, "Beacon"), and Intact Insurance Group, USA, LLC ("Intact"). Atlantic, Beacon, and Intact are hereinafter referred to collectively as the ("Insurance Companies"). *See* Ex. 4.

37.     The Insurance Companies are defendants in a case pending in the United States District Court for the Eastern District of Texas, Case No. 4:24-cv-00900–ALM. (the "Eastern District of Texas Litigation"). *See* Plaintiff's Original Complaint filed in the Eastern District of Texas Litigation as Exhibit 5.

38.     On October 3, 2024, I provided the Hofts and TGP with notice that BLG was terminating its representation and withdrawing as counsel for the Hofts and TGP effective immediately in connection with the Freeman-Moss lawsuit for the Insurance Companies', TGP's, and the Hofts' failure to pay BLG for its

**EXHIBIT A**

attorneys' fees and costs expended in their defense pursuant to the Retainer Agreement.

39.    On October 8, 2024, BLG filed a lawsuit against the Insurance Companies, TGP, and the Hofts in the 471st District Court of Collin County, Texas, for, *inter alia,* breach of contract, promissory estoppel, and third-party beneficiary of the Insurance Contract, seeking damages against the Insurance Companies, TGP, and the Hofts, jointly and severally, for their refusal to pay the Invoices and defense costs, attorneys' fees, and litigation expenses expended by BLG. A true and correct and filed copy of Plaintiff's Original Petition in that lawsuit is attached as Exhibit 6 to this Affidavit.

40.    On October 8, 2024, the 471st District Court of Collin County, Texas granted BLG a Temporary Restraining Order against the Insurance Companies. A true and correct filed copy of the Temporary Restraining Order is attached as Exhibit 7 to this Affidavit.

41.    On October 9, 2024, TGP only filed a Notice of Removal of the 471st District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas –Sherman Division. A true and correct filed copy of the Notice of Removal is attached as Exhibit 8 to this Affidavit.

42.    On October 11, 2024, BLG filed an Application for Temporary Restraining Order with the United States District Court for the Eastern District of

Texas – Sherman Division. A true and correct filed copy of the Application for Temporary Restraining Order is attached as Exhibit 9 to this Affidavit.

43.   On October 11, 2024, United States District Court Judge Amos Mazzant of the United States District Court for the Eastern District of Texas – Sherman Division conducted a hearing on BLG's Application for Temporary Restraining Order. A true and correct filed copy of the notice of hearing conducted in the United States District Court for the Eastern District of Texas is attached as Exhibit 10 to this Affidavit.

44.   On October 11, 2024, United States District Court Judge Amos Mazzant of the United States District Court for the Eastern District of Texas Sherman Division granted BLG's Application for Temporary Restraining Order and entered a Memorandum Opinion and Order. A true and correct filed copy of the Memorandum Opinion and Order, dated October 11, 2024, is attached as Exhibit 11 to this Affidavit.

45.   Judge Mazzant then set a hearing on a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure for October 25, 2024 at 8:30 a.m. A true and correct filed copy of Judge Mazzant's Order setting the Preliminary Injunction hearing dated October 11, 2024, is attached as Exhibit 12 to this Affidavit.

46.   The Insurance Companies conduct business in the State of Texas, including Collin County, Texas, and the United States District Court for the Eastern

District of Texas Sherman Division. On October 17, 2024, Intact Insurance Group USA, LLC ("Intact Group") filed a Disclosure Statement in the Eastern District of Texas Litigation which Intact Group admitted that it is an indirect wholly owned subsidiary of "Intact Insurance Group USA Holdings, Inc." and that Intact Insurance Group USA Holdings, Inc. is a wholly-owned subsidiary of "Intact financial Corporation, a publicly held company whose stock is traded on the Toronto Stock exchange. *See* Exhibit 13 attached to this Affidavit.

47.    On October 17, 2024, Beacon filed its corporate disclosure statement in the Eastern District of Texas Litigation in which Beacon admitted that it was a Delaware entity that has since been dissolved. *See* Exhibit 14.

48.    On October 17, 2024, Atlantic filed its corporate disclosure statement in the Eastern District of Texas Litigation in which Atlantic admitted that it is an indirect and wholly-owned subsidiary of Intact which is a wholly-owned subsidiary of Intact Financial Corporation, a publicly held company whose stock is traded on the Toronto Stock Exchange. *See* Exhibit 15.

49.    None of the Insurance Companies are headquartered or have their principal place of business in the State of Missouri.

50.    On October 29, 2024, the Insurance Companies filed an answer to Plaintiff's Original Complaint in the Eastern District of Texas Litigation in which the Insurance Companies admitted that the "ASIC" defendants are a New York

**EXHIBIT A**

corporation with a principal place of business in Minnesota. *See* Exhibit 16 at 2, ⁋ 2. The Insurance Companies also admitted that "jurisdiction is proper in this United States District Court for Eastern District of Texas. *Id.* at 4, ⁋ 13. The Insurance Companies also admitted that they issued the Insurance Policy and that the Insurance Companies participated in and negotiated the terms of the Retainer Agreement, which was executed by their insureds, TGP and the Hofts. *Id.* at 6, ⁋ 30, and 8, ⁋ 39. The Insurance Companies further admitted that BLG was to provide copies of the legal invoices to them at the same time that they were submitted to TGP and the Hofts, and that the Insurance Companies paid "a portion" of BLG's invoices. *Id.* at 8, ⁋ 40. The Insurance Companies also further admitted that BLG provided notice of BLG's claims for unpaid legal fees to the Insurance Companies in Minnesota. *Id.* at 9, ⁋ 46 and 47.

51.    On October 19, 2024, BLG filed an Emergency Motion to Remand the Eastern District of Texas Litigation to the 471st Judicial District Court of Collin County, Texas because the United States District Court for the Eastern District of Texas lacked subject matter jurisdiction due to the defective Notice of Removal filed only by TGP in the Eastern District of Texas Litigation, and to enforce the Temporary Restraining Order issued by 471st Judicial District Court of Collin County, Texas, which was effective until October 22, 2024. *See* Exhibit 17.

52.     On October 20, 2024, TGP filed an "Amended Notice of Removal" in the Eastern District of Texas Litigation in which TGP admitted that (1) the principal place of business of BLG is in Frisco, Texas and BLG is a citizen of the State of Texas (*See* Exhibit 18, at 2, ⁋ 3); (2) Atlantic has its "principal place of business and nerve center" in "Plymouth, Minnesota" and is a citizen of the State of Minnesota (*Id.* at ⁋ 4); (3) Beacon is "an alter ego and tradename of Atlantic and, therefore, is a citizen of Minnesota" (*Id.* at ⁋ 5); (4) Beacon "Professional Insurance, Inc." was a Delaware corporation that is dissolved and is a citizen of the State of "Delaware" (*Id.* at 3, ⁋ 6.); (5) Intact "is a citizen of the State of Minnesota organized under the laws of the State of Delaware with its "principal place of business and nerve center in Minnesota." (*Id.* at ⁋ 7); (6) TGP is a citizen of Florida (*Id.* at ⁋ 8); (7) "James 'Jim' Hoft" is an individual who is a resident and citizen of the State of Florida (*Id.* at ⁋ 9; and (8) "Joe Hoft, individually, is an individual who is a resident and citizen of the State of Florida." (*Id.* at 4, ⁋ 10). TGP has further admitted in its "Amended Notice of Removal" that no party to the transaction(s)—made the basis of TGP's and Jim Hoft's  claims and complaints as contained in Plaintiffs' First Amended Complaint (Doc. 9)—is a resident or citizen of Missouri.

53.     On October 21, 2024, TGP filed a "Second Amended Notice of Removal" in the Eastern District of Texas Litigation in which TGP admitted that (1) the principal place of business of BLG is in Frisco, Texas and BLG is a citizen of

**EXHIBIT A**

the State of Texas and that its sole member is "William Charles Bundren," a citizen

of Texas whose residential mailing address is "8 Wimbledon Ct., Frisco, TX 75034,

(*See* Exhibit 19, at 2, ⁋ 3); (2) Atlantic has its "principal place of business and nerve

center" in "Plymouth, Minnesota" and is a citizen of the State of Minnesota (*Id*. at ⁋

4); (3) Beacon "Professional Insurance Group" is "a nonexistent fictitious entity"

and "essentially just a tradename" "an alter ego and tradename of Atlantic and,

therefore, is a citizen of Minnesota and New York" (*Id*. at ⁋ 5); (4) Beacon

"Professional Insurance, Inc." was a Delaware corporation that has been dissolved

and is a citizen of the State of "Delaware and Connecticut" (*Id*. at 3, ⁋ 6.); (5) Intact

"is a citizen of the State of Minnesota and Delaware organized under the laws of the

State of Delaware with its "principal place of business and nerve center in Plymouth,

Minnesota" and is a citizen of "Delaware and Minnesota" (*Id*. at ⁋ 7); (6) TGP is a

citizen of Florida and its "sole member" James 'Jim' Hoft is a citizen of Florida (*Id*.

at ⁋ 8); (7) "James 'Jim' Hoft" is an individual who is a resident and citizen of the

State of Florida (*Id*. at ⁋ 9); and (8) "Joe Hoft, individually, is an individual who is

a resident and citizen of the State of Florida." (*Id*. at 4, ⁋ 10). TGP has admitted that

that no party to the transaction(s) made the basis of TGP's and Jim Hoft's claims

and complaints as contained in Plaintiffs' First Amended Complaint (Doc. 9) is a

resident or citizen of Missouri.

**EXHIBIT A**

54.     On October 28, 2024, BLG filed its "First Amended Original Complaint" in the Eastern District of Texas Litigation which named, additionally, as defendants, "Intact Insurance Group USA Holdings, Inc." and "Intact Financial Corporation", both of whom are neither citizens nor residents of Missouri and do not have their principal place of business in Missouri. *See* Exhibit 20.

55.     BLG relied on the Insurance Policy as the primary contract to pay BLG's defense costs, attorney fees, and expenses expended in defense of TGP and the Hofts.

56.     I prepared BLG's invoices in Collin County, Texas for legal services rendered and costs incurred to defend TGP and the Hofts in the Freeman-Moss Lawsuit.

57.     I was directed by the Insurance Companies, TGP, and the Hofts to submit invoices for BLG's legal services to the Insurance Companies (the "Invoices"). The invoices were prepared in Collin County, Texas and submitted to TGP and the Hofts in Florida, and the Insurance Companies in Minnesota.

58.     Additionally, specifically, I was directed to submit the Invoices to Annamarie Haught ("Haught") in Minnesota, the claims representative for the Insurance Companies, TGP, and the Hofts.

59.     I submitted the Invoices to Haught in Minnesota for payment.

60.    The Insurance Companies paid a portion of amounts owed on the Invoices from Minnesota but have failed and refused, and continue to fail and refuse, to pay BLG the amounts due and owing under the Invoices pursuant to the Retainer Agreement, resulting in a past due balance owed in the amount of $512,215.50.

61.    BLG has made repeated written demands to the Insurance Companies, TGP, and the Hofts for payment of the Invoices, but such demands have been ignored.

62.    Despite BLG's demands, the Insurance Companies, TGP, and the Hofts continue to refuse to pay the Invoices due and owing to BLG pursuant to the Retainer Agreement and Insurance Policy.

63.    Pursuant to the Retainer Agreement, the Insurance Companies, TGP, and the Hofts  directed BLG to obtain and gather admissible evidence of the events and actions that occurred on election day in November 2020 in Fulton County, Georgia at the State Farm Arena in connection with the scanning of the mail-in ballots by Freeman, Moss, and others (the "Fulton County Events").

64.    After executing the Retainer Agreement, I learned that TGP and the Hofts' prior retained defense attorneys in the Freeman-Moss lawsuit, John Burns, Esq. ("Burns"), Marc Randazza, Esq. ("Randazza"), and Jay Wolman, Esq. ("Wolman") failed to investigate and make any effort to obtain any admissible evidence in connection with the Fulton County Events.

**EXHIBIT A**

65.    In January 2024, Burns acted as co-counsel with BLG in connection with the Freeman-Moss Lawsuit.

66.    In January 2024, Randazza and his law firm acted as co-counsel with BLG in connection with the Freeman-Moss Lawsuit. Randazza and his law firm are not residents of nor do they reside in the State of Missouri.

67.    Randazza's law firm, Randazza Legal Group, PLLC, has its principal offices located in Hartford, Connecticut along with other offices located in Gloucester, Massachusetts, and Brooklyn, New York. Randazza Legal Group, PLLC does not have offices located in the State of Missouri.

68.    Likewise, Wolman who acted as co-counsel with BLG in connection with the Freeman-Moss Lawsuit does not reside in nor does he a maintain a residence in the State of Missouri.

69.    At the time of my involvement in the Freeman-Moss Lawsuit, Randazza, Burns, and Wolman failed to make any effort to obtain discovery or any admissible evidence concerning the Fulton County, Georgia Events.

70.    The truth of the matters stated in a publication is an affirmative defense to any claim for defamation, libel, or slander and the investigation of the truth of the matters stated is critical to any defense when a libel, defamation or slander lawsuit is filed against a defendant.

71.    As such, BLG and its attorneys, legal assistants, employees, and consultants were specifically retained by the Insurance Companies, TGP, and the Hofts to investigate and obtain admissible evidence from Georgia and other states (not including Missouri) regarding the actions regarding the Fulton County (Georgia) Events.

72.    None of BLG's attorneys, legal assistants, employees, and/or consultants are, or were at any time, residents of the State of Missouri, and none reside in the State of Missouri or undertook any investigation of the facts, interviews, or discovery in the State of Missouri for purposes of legal services in connection with the Freeman-Moss Lawsuit, which the Invoices subject to this civil action arise out of.

73.    To fulfill my instructions from the Insurance Companies, TGP, and the Hofts, BLG conducted investigations and sought admissible discovery in the States of Georgia, Texas, Washington D.C., Virginia, Maryland, and State of Louisiana.

74.    BLG did not conduct investigations, nor did it seek admissible evidence in the State of Missouri.

75.    To fulfill BLG's instructions from the Insurance Companies, TGP, and the Hofts to investigate and obtain admissible evidence in the Freeman-Moss Lawsuit, I performed the following services and actions pursuant to the Retainer Agreement.

76.    I interviewed and attended a deposition of a material witness, Joseph Bartling, in Washington, D.C. Joseph Bartling is a citizen and resident of the State of Virginia.

77.    I obtained the deposition testimony and interviewed Jackie Pik, a material fact witness. Jackie Pik is a resident and citizen of the State of Texas.

78.    I interviewed and attended by zoom a deposition of a material witness, Jordan Conradson, in Baltimore, Maryland.  Jordan Conradson is a citizen and resident of the State of Maryland.

79.    I interviewed and attended a deposition by zoom of a material witness, Michelle Branton, in the State of Georgia. Michelle Branton is a citizen and resident of the State of Georgia.

80.    I scheduled the deposition of Freeman in Atlanta, Georgia in May of 2024. At that time, Freeman was a resident of the State of Georgia.

81.    I scheduled the deposition of Moss in Atlanta, Georgia in May of 2024. At that time, Moss was a resident of the State of Georgia.

82.    I scheduled the deposition of James Hoft in Jensen Beach, Florida in May of 2024, where he lives and resides.

83.    I scheduled the deposition of Joe Hoft in Jensen Beach, Florida, in May 2024 where he lives and resides.

84.   I retained David Sawyer of Sawyer & Company, LLC as an expert witness and consultant to, *inter alia,* assist in the investigation of the evidence in the Freeman-Moss lawsuit. David Sawyer resides in the State of Georgia and has no connection with, does not conduct business in, and is not a resident or citizen of the State of Missouri.

85.   I retained Todd Harding, Esq. ("Harding") to assist in filing a lawsuit in the Superior Court of Fulton County, State of Georgia, to obtain subpoenas for records and documents and depositions of witnesses in Georgia who had and have material, substantial and personal knowledge of the actions of the Fulton County Events. Harding is a resident of the State of Georgia and has no connection with, does not conduct business in, and is not a resident or citizen of the State of Missouri.

86.   Harding filed a Verified Petition and Aid of Discovery (the "Petition") on April 12, 2024 in the Superior Court of Fulton County State of Georgia, Civil Action No. 24-CV-004696 (the "Fulton County Georgia Lawsuit") on behalf of TGP and the Hofts. TGP and Jim Hoft verified the Petition. A true and correct copy of the Petition and Aid of Discovery is attached to this Affidavit as Exhibit 21.

87.   I retained Steve Davis and Cobra Legal Solutions, LLC as a legal assistant and ESI consultant to, *inter alia*, assisting in obtaining video evidence of the Fulton County Events. Steve Davis is a resident of the State of Texas and resides

**EXHIBIT A**

in Dallas, Texas. The offices of Cobra Legal Solutions, LLC are located in Dallas, Texas.

88.    I interviewed and prepared and caused a subpoena to be issued to a material witness, Garland Favorito, in the State of Georgia with the assistance of Harding. Garland Favorito is a citizen and resident of the State of Georgia.

89.    I interviewed and prepared and caused a subpoena to be issued to a material witness, Joe Rossi, in the State of Georgia with the assistance of Harding. Joe Rossi is a citizen and resident of the State of Georgia.

90.    I obtained discoverable admissible evidence from Fulton County, Georgia of pdf and tiff images of the ballots scanned by Freeman and Moss in connection with the Fulton County Events.

91.    I interviewed and prepared and caused a subpoena to be issued to a material witness, David Cross, in the State of Georgia with the assistance of Todd Harding. David Cross is a citizen and resident of the State of Georgia.

92.    I interviewed and prepared and caused a subpoena to be issued to a material witness, Susan Voyles, in the State of Georgia with the assistance of Harding.  Susan Voyles is a citizen and resident of the State of Georgia.

93.    I interviewed and prepared and caused a subpoena to be issued to a material witness, Morgan White, in the State of Georgia with the assistance of Harding. Morgan White is a citizen and resident of the State of Georgia.

94.    I interviewed a material witness, Caroline Jeffords, in the State of Georgia. Caroline Jeffords is a citizen and resident of the State of Georgia.

95.    I interviewed a material witness, Bridget Thorne, in the State of Georgia. Bridget Thorne is a citizen and resident of the State of Georgia.

96.    I interviewed and caused a subpoena to be issued to a material witness, Mark Wingate, in the State of Georgia with the assistance of Todd Harding, Esq. Mark Wingate is a citizen and resident of the State of Georgia.

97.    I interviewed and caused a subpoena to be issued to a material witness, Mitchell Harrison, in the State of Georgia with the assistance of Harding. Mitchell Harrison is a citizen and resident of the State of Georgia.

98.    I interviewed and caused a subpoena to be issued to a material witness, Brandon Moye, in the State of Georgia with the assistance of Harding. Brandon Moye is a citizen and resident of the State of Georgia.

99.    I interviewed and caused a subpoena to be issued to a material witness, Trevor McCoy, in the State of Georgia with the assistance of Harding. Trevor McCoy is a citizen and resident of the State of Georgia.

100.    I caused a subpoena for records and a deposition to be issued and served to and interviewed a material witness, Harrison William Prescott Floyd, with the assistance of Harding. Harrison William Prescott Floyd is not a citizen and resident of the State of Missouri.

101.   I caused a subpoena for records and a deposition to be issued and served to a material witness, Steven Clifford Lee, in the State of Georgia with the assistance of Harding. Steven Clifford Lee is a citizen and resident of the State of Georgia.

102.   I caused a subpoena for records and a deposition to be issued and served to a material witness, Trevian C. Kutti, in the State of Georgia with the assistance of Harding. Trevian C. Kutti is not a citizen and resident of the State of Missouri.

103.   I caused a subpoena for records and a deposition to be issued and served to and interviewed a material witness, David Graham, of Astro Integration Services Security, in the State of Georgia with the assistance of Harding. David Graham is a citizen and resident of the State of Georgia.

104.   I caused a subpoena for records and deposition to be issued and served to a material witness, Bahn Rich, in the State of Georgia with the assistance of Harding. Bahn Rich is a citizen and resident of the State of Georgia.

105.   I caused a subpoena for records and deposition to be issued and served to a material witness, Ralph Jones, in the State of Georgia with the assistance of Harding. Ralph Jones is a citizen and resident of the State of Georgia.

106.   I caused a subpoena for records and deposition to be issued and served to a material witness, Regina Waller, in the State of Georgia with the assistance of Harding. Regina Waller is a citizen and resident of the State of Georgia.

EXHIBIT A

107.   I caused a subpoena for records and deposition to be issued and served to a material witness, Carter Jones, in the State of Georgia with the assistance of Harding. Carter Jones is a citizen and resident of the State of Georgia.

108.   I caused a subpoena for records and deposition to be issued and served to a material witness, Gilbert C. Humes, in the State of Georgia with the assistance of Harding. Gilbert C. Humes is a citizen and resident of the State of Georgia.

109.   I caused a subpoena for records and deposition to be issued and served to a material witness, Richard Baron, with the assistance of Harding. Richard Baron is believed to now be a citizen and resident of the State of Texas, but was a citizen and resident of the State of Georgia in November 2020.

110.   I caused a subpoena for records and deposition to be issued and served to a material witness, Nadine Williams, in the State of Georgia with the assistance of Harding. Nadine Williams is a citizen and resident of the State of Georgia.

111.   I caused a subpoena for records and deposition to be issued and served to a material witness, Adrick Hall, in the State of Georgia with the assistance of Harding. Adrick Hall is a citizen and resident of the State of Georgia.

112.   I caused a subpoena for records and deposition to be issued and served to a material witness, Yetunda Sims, in the State of Georgia with the assistance of Harding. Yetunda Sims is a citizen and resident of the State of Georgia.

113.   I caused a subpoena for records and deposition to be issued and served to a material witness, Jeffrey Merrifield, in the State of Georgia with the assistance of Harding. Jeffrey Merrifield is a citizen and resident of the State of Georgia.

114.   I caused a subpoena for records and deposition to be issued and served to a material witness, Keisha Dixon, in the State of Georgia with the assistance of Harding. Keisha Dixon is a citizen and resident of the State of Georgia.

115.   I caused a subpoena for records and deposition to be issued and served to a material witness, Paul Braun, in the State of Georgia with the assistance of Harding. Paul Braun is a citizen and resident of the State of Georgia.

116.   I caused a subpoena for records and deposition to be issued and served to material witnesses with the Federal Bureau of Investigation and FBI investigators in Atlanta, Georgia with the assistance of Harding. The Federal Bureau of Investigation and FBI investigators reside in the State of Georgia.

117.   I caused a subpoena for records and deposition to be issued and served to material witnesses with the Georgia Bureau of Investigation and Georgia Bureau of Investigation investigators in Atlanta, Georgia, with the assistance of Harding. The Georgia Bureau of Investigation and Georgia Bureau of Investigation investigators all reside in the State of Georgia.

118.   I caused a subpoena for records and deposition to be issued and served to material witnesses with the Fulton County Board of Elections and Registration in

Atlanta, Georgia with the assistance of Harding. The Fulton County Board of Elections and Registration witnesses and records reside in the State of Georgia.

119.  I caused a subpoena for records and deposition to be issued and served to material witnesses with the Georgia Secretary of State in the state of Georgia with the assistance of Harding. The Georgia Secretary of State witnesses reside in the State of Georgia.

120.  I caused a subpoena for records and deposition to be issued and served to material witnesses with the Georgia State Board of Elections, in the State of Georgia with the assistance of Harding. The Georgia State Board of Elections witnesses reside in Atlanta, Georgia.

121.  I caused a subpoena for records and deposition to be issued and served to material witnesses with the Cobb County, Georgia Police Department, in the state of Georgia with the assistance of Harding. The Cobb County, Georgia Police Department witnesses and records reside in and were maintained in the State of Georgia.

122.  I caused a subpoena for records and deposition to be issued and served to material witnesses with the Fulton County, Georgia Sheriff Department, in the State of Georgia with the assistance of Harding. The Fulton County, Georgia Sheriff Department witnesses and records reside in and were maintained in the State of Georgia.

**EXHIBIT A**

123.   I caused a subpoena for records and deposition to be issued and served to a material witness, the Fulton County, Georgia custodian of records, in the state of Georgia with the assistance of Harding. The Fulton County, Georgia custodian of records witnesses and records reside in and were maintained in the State of Georgia.

124.   I caused a subpoena for records and deposition to be issued and served to a material witness, Cle Alexander, the Fulton County, Georgia Clerk of Superior and Magistrate Courts, in the State of Georgia with the assistance of Harding. Cle Alexander, the Fulton County, Georgia Clerk of Superior and Magistrate Courts resides in the State of Georgia.

125.   I caused a subpoena for records and deposition to be issued and served to a material witness Fanni Willis, the Fulton County, Georgia District Attorney in the State of Georgia with the assistance of Todd Harding, Esq. Fanni Willis, the Fulton County, Georgia District Attorney resides in the State of Georgia.

126.   I caused a subpoena for records and deposition to be issued and served to a material witness Lawrence Sloan in the State of Georgia with the assistance of Harding. Lawrence Sloan resides in the State of Georgia.

127.   I caused a subpoena for records and deposition to be issued and served to a material witness Rudy Giuliani.  Rudy Giuliani resides in the State of either New York or Florida.

128.   I caused a subpoena for records and deposition to be issued and served to a material witness, Bessie Hampton, in the State of Georgia with the assistance of Harding. Bessie Hampton resides in the State of Georgia.

129.   I interviewed a material witness, Kevin Moncla.  Kevin Moncla resides in the State of Louisiana.

130.   I caused a subpoena for records and deposition to be issued and served to a material witness, James Calloway, in the State of Georgia with the assistance of Harding. James Calloway resides in the State of Georgia.

131.   I caused a subpoena for records and deposition to be issued and served to a material witness, Ide Moss, in the State of Georgia with the assistance of Harding. Ide Moss resides in the State of Georgia.

132.   TGP confessed and admitted in TGP's bankruptcy filed in the United States Bankruptcy Court for the Southern District of Florida that on April 18, 2024 TGP filed an Application by a Foreign Limited Liability Company for Authorization to Transact Business in Florida, and that "Jim Hoft" was the only member of TGP. *See* Exhibit 22 at 2, ⁋ 6.

133.   TGP also confessed and admitted that TGP's principal place of business is in Florida at "1820 NE Jensen Beach Boulevard, Unit 1120, Jensen Beach, FL 45957" (*id.*, ⁋ 7), that "James Hoft is married to Jez Morano," and that "James Hoft and Jez Morano have maintained a residence in Jensen Beach, Florida since October

2021." *Id.*, ¶ 8. TGP also confessed and admitted that Jim Hoft purchased a Florida condominium located at "8750 South Ocean Dr., Unit 833, Jensen Beach, FL 34957" as his personal residence with funds loaned from TGP. *Id*. at 3, ¶ 12.

134.    TGP admitted that the "Equity Security Holder" of TGP is "James Hoft, 1820 NE Jensen Beach Boulevard, Unit 1120, Jensen Beach, Florida 34957." *See* Exhibit 23.

135.    "The Summary of Assets and Liabilities" filed by TGP in its voluntary bankruptcy in the United States Bankruptcy Court for the Southern District of Florida discloses that (1) TGP owns no real property (¶ 54.), and that (2) TGP's "previous location" was at "5105 Lindell Blvd., St. Louis, MO 63108" "from 4/20/19 to 10/20/21." *See* Exhibit 24 at 19.

136.    The Memorandum Opinion and Order of the United States Bankruptcy Court for the Southern District of Florida dismissing TGP's bankruptcy found that Jim Hoft "decided in 2021 that he preferred to spend time in Florida" which led him to use TGP funds to purchase an "oceanfront condo in Jensen Beach, Florida" and that "Hoft begin conducting TGP's operations in Florida" and "TGP started doing business in Florida sometime in October 2021." Ex. 2 at 3. The Court also found that "TGP has been doing business in the State of Florida for approximately three years." *Id*. at 4. The United States Bankruptcy Court for the Southern District of Florida

found that TGP did not exercise "good faith" in filing and pursuing a Chapter 11 bankruptcy. *Id.* at 27.

137.    On September 6, 2024, the United States Bankruptcy Court for the Southern District of Florida denied TGP's Motion for Stay Pending Appeal because TGP's "Motion perpetuates the same bad faith litigation evasion tactics that prompted this Court's entry of the Dismissal Opinion." *See* Exhibit 25 at 8.

138.    A copy of the docket sheet from the TGP bankruptcy filed in the United States Bankruptcy Court for the Southern District of Florida is attached as Exhibit 26.

139.    A copy of the docket sheet from the Eastern District of Texas Litigation is attached as Exhibit 27.

140.    Plaintiffs' First Amended Complaint (Doc. 9) filed October 28, 2024 in the above referenced civil action complains of conduct of Defendants allegedly occurring in Collin County, Texas. (*See* Doc. 9 at 2 ¶ A., at 3, at 4 ¶ 8; at 5, ¶¶ 9, 12-13; at 8, ¶¶ 16-18; at 9 ¶¶ 20, 23, 24, 26 and 27; at 10 ¶¶ 28, 29, and 31; at 11  ¶ 41; at 12 ¶¶ 42, 43 and 48; at 13 ¶¶ 49, 50, 52, 53 and 54; at 14 ¶¶ 59-62; at 15 ¶¶ 63, 67-69; at 16 ¶¶ 74-77; at 17 ¶¶ 78, 79 and 84; at 18 at ¶¶ 85, 86, 90 and 91; and, at 19 ¶ 94).

141.    Plaintiffs' First Amended Complaint (Doc. 9) on its face does not allege that any conduct of Defendants occurred in Missouri.

EXHIBIT A

142.   BLG did not conduct any interviews of any witnesses and did not seek the deposition of any witnesses residing in the State of Missouri.

143.   BLG did not issue any subpoenas nor receive any records of any custodian of records from any witness or entity residing in the State of Missouri.

144.   No substantial work regarding the transaction made the basis of the claims and complaints of TGP and Jim Hoft was performed by me or BLG in the State of Missouri.

145.   No material witnesses and no evidence relevant to the claims and complaints of TGP and Jim Hoft as contained in Plaintiffs' First Amended Complaint (Doc. 9) exists in the State of Missouri.

146.   No parties to the transaction(s) made the basis of TGP's and Jim Hoft's claims and complaints as contained in Plaintiffs' First Amended Complaint (Doc. 9) reside in the State of Missouri.

147.   All material evidence, records, and documents regarding the complaints and claims of TGP and Jim Hoft as contained in Plaintiffs' First Amended Complaint (Doc. 9) reside and exist in Texas, Georgia, or Florida.

148.   All material witnesses regarding the complaints and claims of TGP and Jim Hoft as contained in Plaintiffs' First Amended Complaint (Doc. 9) reside and exist in Texas, Georgia, or Florida.

FURTHER, AFFIANT SAYETH NAUGHT.


**WILLIAM CHARLES BUNDREN**

By: 

William Charles Bundren


STATE OF TEXAS )
)
COUNTY OF COLLIN )


On this 7th day of November, 2024, before me, a Notary Public in and for said State, personally appeared William Charles Bundren, and that said instrument was signed on by him and he acknowledged said instrument to be his free act and deed.

IN TESTIMONY WHEREOF, I have set my hand and affixed my official seal in the County and State aforesaid, the day and year first written above.


ROSALINDA NATALIA MEDLIN
Notary Public, State of Texas
Notary ID# 13465149-2
My Commission Expires 11-17-2027

Notary Public

My Commission Expires: 11-17-2027