| | | |
|---|---|---|
| JAMES HOFT and | ) | |
| TGP COMMUNICATIONS, LLC, d/b/a/ | ) | |
| The Gateway Pundit**,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO.: 4:24-CV-01304-HEA |
| v. | ) | |
| | ) | |
| WILLIAM CHARLES BUNDREN and | ) | |
| BUNDREN LAW GROUP, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT IN SUPPORT OF
DEFENDANTS' FIRST AMENDED MOTION TO DISMISS**

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BUNDREN LAW GROUP, PLLC. | ) ) ) | |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) ) | CIVIL ACTION NO. |
| ATLANTIC SPECIALTY INSURANCE COMPANY, ONE BEACON PROFESSIONAL INSURANCE GROUP, ONE BEACON PROFESSIONAL INSURANCE, INC., INTACT INSURANCE GROUP, USA, LLC, TGP COMMUNICATIONS, LLC, JAMES "JIM" HOFT, INDIVIDUALLY, and JOE HOFT, INDIVIDUALLY. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:24-CV-00900  **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE COURT:

BUNDREN LAW GROUP, PLLC (hereinafter referred to as "Plaintiff")

complains of ATLANTIC SPECIALTY INSURANCE COMPANY (hereinafter

referred to as "Atlantic"), ONE BEACON PROFESSIONAL INSURANCE

GROUP and ONE BEACON PROFESSIONAL INSURANCE, INC. (hereinafter collectively referred to as "Beacon"), INTACT INSURANCE GROUP, USA LLC (hereinafter referred to as "Intact"), TGP COMMUNICATIONS, LLC (hereinafter referred to as "TGP"), James "Jim" Hoft, individually, and Joe Hoft, individually, and says as follows:

## I.

## PARTIES

1.     Plaintiff is a professional limited liability company with its principal place of business in Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. Plaintiff conducts its business at 2591 Dallas Pkwy., Suite 300, Frisco, TX 75034. Plaintiff is incorporated and organize pursuant to the laws of the State of Texas. Plaintiff is a citizen of the State of Texas.

2.     Defendant ATLANTIC SPECIALTY INSURANCE COMPANY (hereinafter referred to as "Atlantic"), is an insurance company conducting business in Texas, and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. Atlantic has its principal place of business at 150 Royal St., Canton, MA 02021. Atlantic has designated with the Texas Secretary of State Corporation Service Company d/b/a CSC Lawyers, Inc. located at 211 E. 7th St., Suite 620, Austin, TX 78701 -3218 as its registered agent

for service of process in Texas. Plaintiff requests a federal civil summons be issued to Atlantic through its registered agent State Corporation Service Company d/b/a CSC Lawyers, Inc. located at 211 E. 7th St., Suite 620, Austin, TX 78701-3218, and to ATLANTIC SPECIALTY INSURANCE COMPANY at 150 Royal St., Canton, MA 02021. ATLANTIC SPECIALTY INSURANCE COMPANY is not a citizen of the State of Texas. ATLANTIC SPECIALTY INSURANCE COMPANY is a citizen of the State of Massachusetts.

3. Defendant ONE BEACON PROFESSIONAL INSURANCE GROUP (hereinafter collectively referred to as "Beacon") is an insurance company conducting business in Texas and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. Beacon has its principal place of business at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. Beacon has not designated a registered agent in Texas with the Texas Secretary of State. Plaintiff requests that a federal civil summons be issued to ONE BEACON PROFESSIONAL INSURANCE GROUP at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. ONE BEACON PROFESSIONAL INSURANCE GROUP is not a citizen of the State of Texas. ONE BEACON PROFESSIONAL INSURANCE GROUP is a citizen of the State of Kansas.

4. Defendant ONE BEACON PROFESSIONAL INSURANCE, INC. (hereinafter collectively referred to as "Beacon") is an insurance company

conducting business in Texas, and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. Beacon has its principal place of business at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. Beacon has not designated a registered agent in Texas with the Texas Secretary of State. Plaintiff requests that a federal civil summons be issued to ONE BEACON PROFESSIONAL INSURANCE, INC. at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. ONE BEACON PROFESSIONAL INSURANCE, INC.  is not a citizen of the State of Texas. ONE BEACON PROFESSIONAL INSURANCE, INC.  is a citizen of the State of Kansas.

5.      Defendant INTACT INSURANCE GROUP, USA, LLC (hereinafter referred to as "Intact"), is an insurance company conducting business in Texas, and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. Intact has its principal place of business at 605 Highway 169 N, Suite 800, Plymouth MN 55441. Intact has not designated a registered agent in Texas with the Texas Secretary of State. Plaintiff requests that a federal civil summons be issued to INTACT INSURANCE GROUP, USA, LLC at 605 Highway 169 N, Suite 800, Plymouth MN 55441. INTACT INSURANCE GROUP, USA, LLC is not a citizen of the State of Texas. INTACT INSURANCE GROUP, USA, LLC is a citizen of the State of Minnesota.

6.      TGP COMMUNICATIONS, LLC (hereinafter referred to as "TPG"), is a company conducting business in the State of Texas, and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. TPG has its principal place of business at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. TGP has not designated a registered agent in Texas with the Texas Secretary of State. James "Jim" Hoft as the sole member and manager and agent of and for TGP COMMUNICATIONS, LLC. Plaintiff requests that a federal civil summons be issued to TGP COMMUNICATIONS, LLC in the name of James "Jim" Hoft, its sole member and manager and agent to be served at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. Plaintiff requests a federal civil summons be issued to TGP COMMUNICATIONS, LLC at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. TGP COMMUNICATIONS, LLC is not a citizen of the State of Texas. TGP COMMUNICATIONS, LLC is a citizen of the State of Florida.

7.      James "Jim" Hoft, individually, is an individual who is a resident and citizen of the State of Florida. James "Jim" Hoft conducts business in the State of Texas and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. James "Jim" Hoft has not designated a registered agent for service of process with the Texas Secretary of State. James "Jim" Hoft may be served with process and a federal civil summons at 1820 NE Jensen

Beach Blvd. Suite 1120, Jensen Beach, FL 34957. Plaintiff requests a federal civil summons be issued to be served on James "Jim" Hoft at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. James "Jim" Hoft is not a citizen of the State of Texas. James "Jim" Hoft is a citizen of the State of Florida.

8.     Joe Hoft, individually, is an individual who is a resident and citizen of the State of Florida. Joe Hoft conducts business in the State of Texas and Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. Joe Hoft has not designated a registered agent for service of process with the Texas Secretary of State. Joe Hoft may be served with a federal civil summons and process at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. Plaintiff requests a federal civil summons be issued to serve Joe Hoft at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. Joe Hoft is not a citizen of the State of Texas. Joe Hoft is a citizen of the State of Florida.

9.     Plaintiff is a citizen of the State of Texas. Defendants are not citizens of the State of Texas. There is diversity of citizenship between Plaintiff and Defendants in the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.     Plaintiff requests that the clerk of the court prepare a federal civil summons to be served on all Defendants for service of the federal civil summons and process for Defendants.

## II.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over the subject matter and persons in this action and the amount in controversy is within the jurisdictional limits of this Court. Plaintiff seeks damages in an amount, exclusive of penalties, interest, costs, and attorney's fees in excess of $75,000, and which is within the jurisdictional limits of this Court. This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332.

12.     Defendants have conducted business in the State of Texas and in Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division.

13.     Jurisdiction and venue are proper in Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division because all or a substantial part of the events or omissions giving rise to the claims asserted herein took place in Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division. All of Plaintiff's damages and injuries occurred in Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division.

14.     This is an action for, *inter alia* breach of an insurance contract and the contract to retain the legal services of Plaintiff which was executed, negotiated, and performed in Collin County, Texas, and the United States District Court for the Eastern District of Texas Sherman Division.

15.     This Court is a court of law and equity.

16.     Plaintiff seeks a Temporary Restraining Order and a Preliminary Injunction.

17.     The amount in controversy and the relief sought are within the jurisdiction of the United States District Court for the Eastern District of Texas Sherman Division because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this action is between citizens of different States.

### a.     Jurisdiction

18.     This Court's jurisdiction of this action is based upon 28 U.S.C. §1332. This action is a matter in controversy between a citizen of Texas and citizens of other states within the United States.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs pursuant to 28 U.S.C. §1332.

19.     This Court has supplemental jurisdiction over Plaintiff's claims under Texas law under 28 U.S.C. §1367.

### b.     Venue

20.    Venue is proper in this district and division under 28 U.S.C. §1391 based on Defendants regularly transacting business within the United States District Court for the Eastern District of Texas, Sherman Division.

21.    Venue is proper in this district and division under 28 U.S.C. §1391 because Defendants are subject to the court's personal jurisdiction with respect to the civil action in question and within the United States District Court for the Eastern District of Texas Sherman Division.

22.    Venue is proper in this district and division and in the United States District Court for the Eastern District of Texas Sherman Division under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred, and a substantial part of the property that is the subject of this action is situated in the United States District Court for the Eastern District of Texas, Sherman Division.

23.    All Defendants are subject to personal jurisdiction within this federal district and federal division and the United States District Court for the Eastern District of Texas Sherman Division.

24.    All Defendants have negotiated, executed, and entered into agreements and understandings with Plaintiff which are performable in whole or in part within the United States District Court for the Eastern District of Texas Sherman Division.

25.     Defendants have engaged, and continue to engage, in the transaction of business and the commission of the acts complained of herein and in interstate commerce within the jurisdiction and venue of the United States District Court for the Eastern District of Texas Sherman Division.

26.     This Court is a court of law and equity.

## III.

## NATURE OF THE ACTION AND CLAIMS

27.     This is a diversity action for, *inter alia*, breach of contract, promissory estoppel, and third-party beneficiary of an insurance contract.

## IV.

## STATEMENT OF FACTS

28.     This is a suit for Defendants' breach of an insurance contract and breach of the contract with Plaintiff to pay for legal services and expenses for defense in a lawsuit.

29.     TGP COMMUNICATIONS, LLC ("TGP"), Jim "James" Hoft, individually and Joe Hoft were sued by Ruby Freeman ("Freeman") and Shea Moss ("Moss") for, *inter alia,* defamation, disparagement, personal injury, harm to character or reputation including libel, and slander for publications allegedly made by TGP COMMUNICATIONS, LLC ("TGP"), Jim "James" Hoft, individually, and

Joe Hoft, individually. The lawsuit will hereinafter be referred to as the "Freeman Moss Lawsuit."

30.     Atlanta, Beacon and Intact, the insurance companies, issued to TGP COMMUNICATIONS, LLC, and its agents, employees, members, and managers a "Media Advantage Policy" and "Media Professional Liability" insurance policy No. MEP-25081-21 (the "Insurance Policy") which covered the claims and allegations made in the Freeman Moss Lawsuit against TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually.

31.     Atlanta, Beacon and Intact, the insurance companies, admitted coverage of the Insurance Policy covering the claims and allegations made in the Freeman Moss Lawsuit against TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually.

32.     The insurance policy has a "limit of liability" of "$2,000,000.00."

33.     Atlanta, Beacon and Intact, the insurance companies, have taken the position that Defense Costs are part of and not in addition to the limits of liability and the "Defense Costs" will erode and may exhaust the "limits of liability" of the insurance companies.

34.     Plaintiff was retained by Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually to provide legal representation to TGP, James "Jim" Hoft, individually, and Joe Hoft,

individually in defense of the Freeman Moss Lawsuit, and Plaintiff did so. Plaintiff was retained by written contract.

35.     Plaintiff relied on the Insurance Policy as the primary contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

36.     Plaintiff is a third-party beneficiary of the Insurance Policy for payment of legal services and expenses rendered by Plaintiff to TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

37.     The insurance policy was the primary contract relied on by Bundren Law Group, PLLC to pay defense costs incurred by Plaintiff in defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

38.     TGP, James "Jim" Hoft, individually, and Joe Hoft, individually also promised and entered into a written contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

39.     Atlanta, Beacon and Intact, the insurance companies, participated in and negotiated the terms of the written contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

40.     Plaintiff submitted invoices to Atlanta, Beacon and Intact, the insurance companies and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit. Atlanta, Beacon and Intact, the insurance companies paid a portion of the invoices but have failed and refused, and continue to fail and refuse, to pay Plaintiff for all of the invoices owed resulting in a balance owed by all Defendants, jointly and severally, to Plaintiff in the amount of $512,215.50. This amount is past due and remains unpaid by Defendants.

41.     TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, although they have received all invoices from Plaintiff for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, have failed and refused, and continue to fail and refuse, to pay Plaintiff's invoices resulting in a balance of unpaid and past due invoices in the amount of $512,215.50 owed to Plaintiff. This amount is past due and remains unpaid by TGP, James "Jim" Hoft, individually, and Joe Hoft, individually.

42.     Plaintiff has made repeated written demands to Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe

Hoft, individually, for payment of the past due invoices for legal services and expenses incurred by Plaintiff in defense of the Freeman Moss Lawsuit. Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, did not object and did not contest any charges on the invoices when the invoices were submitted to them by Plaintiff, and have ignored Plaintiff's demands and have failed and refused, and continue to fail and refuse, to pay the past due invoices which totaled in the amount of $512,215.50 owed to Plaintiff.

43.     Atlanta, Beacon and Intact, the insurance companies taken the position that "Defense Costs" "are part of and not in addition to the limits of liability" of the Insurance Policy and that "Defense Costs will erode and may exhaust the limit of liability" of the Insurance Policy.

44.     Defendant TGP admitted to this Court at the Temporary Restraining Order hearing on October 11, 2024, that Atlanta, Beacon and Intact, the insurance companies, have paid and will continued to pay amounts to other persons that "will erode" and will "exhaust the limit of liability" of the Insurance Policy without payment of past due amounts and invoices owed to Plaintiff in the amount of $512,215.50, including eroding and exhausting the limit of liability of the Insurance Policy by payment of a settlement to the plaintiffs in the Freeman Moss Lawsuit. Defendant TGP, by and through its legal counsel, on October 11, 2024, at the

Temporary Restraining Order hearing before United States District Court Judge Amos Mazzant, admitted and confessed to United States District Court Judge Mazzant that the "limit of liability" of the insurance policy will be eroded and exhausted by Atlanta, Beacon, and Intact on October 19, 2024 by payment by Atlanta, Beacon and Intact of a settlement to the plaintiffs in the Freeman Moss Lawsuit. Unless restrained, as requested herein by Plaintiff, on October 19, 2024 Atlanta, Beacon, and Intact will erode, dissipate, and exhaust the "limit of liability" of the Insurance Policy.

45.     If, as has been admitted by Defendant TGP, the "limit of liability" of the Insurance Policy is eroded or exhausted without payment to Plaintiff in the amount of $512,215.50 for Plaintiff's past due invoices in the amount of $512,215.50 for defense costs in defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, in the Freeman Moss Lawsuit, Plaintiff will be irreparably harmed and injured by the exhaustion and erosion the "limit of liability" of the Insurance Policy which Plaintiff relied on to pay Plaintiff's invoices for the defense costs. Consequently, the refusal of Atlanta, Beacon and Intact to pay Plaintiff the past due invoices for defense costs owed to Plaintiff because the insurance policy will have reached its "limit of liability" -- a fact which has been admitted by Defendant TGP -- will directly and proximately cause and create difficulty for Plaintiff in recovering from Atlanta, Beacon and Intact for defense costs incurred and billed by Plaintiff to

Atlanta, Beacon and Intact for Plaintiff's defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, in the Freeman Moss Lawsuit.

46.     As of the filing of this Original Complaint, Atlanta, Beacon and Intact have not agreed to pay Plaintiff's past due invoices for Plaintiff's defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, in the Freeman Moss Lawsuit beyond the "$2 million" "limit of liability" stated in the insurance policy.

47.     Plaintiff has given Defendants multiple written notice of Plaintiff's claims and damages suffered by Plaintiff but Defendants have failed and refused, and continue to fail and refuse, to honor the insurance contract and the attorney retention contract, and continue to fail and refuse to pay Plaintiff for the amount of damages suffered by Plaintiff and covered by the Insurance Policy.

48.     Plaintiff has been forced to file this lawsuit because Defendants have failed and refused, and continue to fail and refuse, to pay a lawful debt owed to Plaintiff, and have failed and refused to pay Plaintiff for the past due invoices for defense costs which are covered by the Insurance Policy.

49.     Plaintiff has occurred legal fees and court costs to bring this legal action against Defendants for which Plaintiff will seek recovery from Defendants, jointly and severally for the court costs and attorney's fees incurred in this action.

## V.

## CONDITIONS PRECEDENT

50.     All conditions precedent to the filing of this Original Complaint have been satisfied.

## VI.

## CAUSES OF ACTION

## COUNT 1

## BREACH OF CONTRACT

51.     Plaintiff fully incorporates the allegations in the previous paragraphs of this Original Complaint.

52.     Plaintiff has fully performed Plaintiff's obligations under the insurance contract, the Insurance Policy, and the attorney retention agreement.

53.     Defendants entered into a written contract whereby Defendants made promises regarding payments to Plaintiff for defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

54.     Defendants have not performed or tendered performance of Defendants' obligations under the contract to Plaintiff, and Defendants have no excuse for failing to perform the obligations of Defendants under the written contract. To Plaintiff's detriment, Defendants breached Defendants' obligations

under the contract by failing to pay Plaintiff for defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

55.     Defendants' failure to perform the contract is a material breach of the contract and has directly and proximately caused damages to Plaintiff in the amount of $512,215.50 which is within the jurisdiction of this Court. Accordingly, Plaintiff seeks recovery herein of Plaintiff's damages in the amount of $512,215.50 plus all reasonable and necessary attorney's fees incurred in the prosecution of this action, pre-judgment and post-judgment interest at the highest lawful rates, and all taxable costs of court, and all other relief, both at law and in equity, to which Plaintiff is justly entitled to receive.

## COUNT 2

## PROMISSORY ESTOPPEL

56.     Plaintiff fully incorporates the allegations in all previous paragraphs of this Original Complaint.

57.     Defendants made promises to Plaintiff regarding payment of defense costs to Plaintiff for defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, in defense of the Freeman Moss Lawsuit, and payment of Plaintiff's invoices for the

defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

58.     Plaintiff reasonably and substantially relied on the promises made by Defendants to Plaintiff's detriment.

59.     Plaintiff's reliance on the promises made by Defendants to Plaintiff was foreseeable by Defendants.

60.     Injustice can be avoided only by enforcing Defendant's promises made to Plaintiff.

61.     Plaintiff proximately and directly suffered $512,215.50 in damages as a result of Plaintiff's reliance on Defendant's promises made to Plaintiff.

## COUNT 3

## THIRD-PARTY BENEFICIARY

62.     Plaintiffs fully incorporate the allegations in the previous paragraphs of this Original Complaint.

63.     Plaintiff is a third-party beneficiary to the Insurance Policy.

64.     The Insurance Policy intended to secure a benefit for Plaintiff by payment of defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

65.     The Insurance Policy provides for payment of defense costs to Plaintiff in defending James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

66.     Atlantic, Beacon, and Intact, the insurance companies, confirmed that Plaintiff is a third-party beneficiary of the Insurance Policy by, *inter alia,* making some payments under the Insurance Policy to Plaintiff for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

67.     The Insurance Policy required Atlantic, Beacon, and Intact, the insurance companies, to pay Plaintiff for the "defense costs" for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, and Atlantic, Beacon, and Intact, the insurance companies, did pay some amounts to Plaintiff pursuant to the Insurance Policy.

68.     The contracting parties to the Insurance Policy intended for the Insurance Policy to pay for "defense costs" to Plaintiff for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

69.     Plaintiff was retained by written contract to defend TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

70.     Atlantic, Beacon, and Intact, the insurance companies, negotiated and approved the retention of Plaintiff to defend TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, and acting accordingly.

71.     Plaintiff, pursuant to the Insurance Policy, and the promises made regarding the Insurance Policy, defended TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in the Freeman Moss Lawsuit.

## COUNT 4

## ATTORNEY'S FEES

72.     Plaintiff fully incorporates the allegations in the previous paragraphs of this Original Complaint.

73.     Pursuant to Texas law, Plaintiff is entitled to recover Plaintiff's reasonable and necessary attorney's fees incurred in the prosecution of this action in the District Court, the Court of Appeals, if necessary, and the Supreme Court of the United States, if necessary.

## COUNT 5

## ACTUAL DAMAGES

74.     Plaintiff fully incorporates the allegations in the previous paragraphs of this Original Complaint.

75.     Plaintiff has suffered injury as a proximate cause and producing cause of the actions of Defendants described herein.

76.     Plaintiff is entitled to recover actual damages for Defendants actions described herein in the amount of $512,215.50.

77.     Plaintiff is entitled to recover damages outside of the damages recoverable under the Insurance Policy and beyond the "limit of liability" of the insurance policy due to the unlawful actions of Atlantic, Beacon, and Intact, the insurance companies.

78.     Plaintiff has suffered $512,215.50 in damages as a result of the actions of Defendants, and Plaintiff is entitled to recover that amount, jointly and severally, from Defendants.

79.     Plaintiff is entitled to recover such other and further damages and relief Plaintiff incurs as a proximate cause or producing cause of the actions of Defendants, jointly and severally, as described herein.

## COUNT 6

## PREJUDGMENT INTEREST

80.     Plaintiff incorporates the averments in the previous paragraphs of this Original Complaint.

81.     Plaintiff seeks the recovery of prejudgment interest to the full extent that such interest is recoverable pursuant to law.

## COUNT 7

### POST- JUDGMENT INTEREST

82.     Plaintiff incorporates the averments in the previous paragraphs of this Original Complaint.

83.     Plaintiff seeks the recovery of post-judgment interest to the full extent that such interest is recoverable pursuant to law.

### VII.

### REQUEST FOR JURY TRIAL

84.     Plaintiff requests a jury be impaneled and that a jury try this case. In conjunction with the filing of Plaintiff's Original Petition in the state court from which this case was removed, Plaintiff tendered a jury fee to the clerk of the State court, and requested in the state court a jury trial.

### VIII.

### APPLICATION OR MOTION FOR TEMPORARY RESTRAINING ORDER

85.     Plaintiff incorporates the averments in the previous paragraphs of this Original Complaint.

86.     Plaintiff asks the Court to issue a Temporary Restraining Order and Preliminary Injunction to restrain Atlantic, Beacon, and Intact, the insurance companies, and all of those persons acting in joint enterprise or participation with

them from making any payments to any person pursuant to the Insurance Policy which would reduce, erode, or exhaust the limits of liability below $600,000.

87. Plaintiff's application for a Temporary Restraining Order and Preliminary Injunction is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1), *et. seq.,* and Federal Rule of Civil Procedure 65, and federal law.

88. The reduction, erosion, or exhaustion of the limits of liability of the Insurance Policy below $600,000 would be prejudicial and cause irreparable harm to Plaintiff because the Insurance Policy assures Plaintiff of payment for the defense costs for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in the Freeman Moss Lawsuit.

89. If Atlantic, Beacon, and Intact, the insurance companies, are allowed to continue to pay funds from the Insurance Policy that will continue to reduce, erode, or exhaust the limits of liability below $600,000 such action would render a Judgment in this action ineffectual and prejudice Plaintiff, and would cause irreparable harm to Plaintiff.

90. It is necessary to preserve the limits of liability of the Insurance Policy to no less than $600,000 to preserve the subject matter of this suit until it is resolved by Final Judgment.

91. It is necessary to preserve the limits of liability of the Insurance Policy to no less than $600,000 to prevent further dissipation, exhaustion, or erosion of the

assets of the Insurance Policy while his case is pending and until a Final Judgment is rendered.

92.    It is necessary to preserve the limits of liability of the Insurance Policy to no less than $600,000 to prevent further dissipation, exhaustion, or erosion of the assets of the Insurance Policy while his case is pending and until a Final Judgment is rendered.

93.    Plaintiff has a probable right to the relief Plaintiff seeks on final hearing and is likely to succeed on the merits of Plaintiff's lawsuit.

94.    Plaintiff will suffer irreparable injury if a Temporary Restraining Order and Preliminary Injunction are not granted to protect and preserve the limits of liability of the Insurance Policy to no less than $600,000.

95.    The harm to Plaintiff is imminent, the injury would be irreparable and Plaintiff has no other adequate remedy at law if a temporary Restraining Order and Preliminary Injunction are not granted.

96.    There is no harm that will be suffered by Defendants if a Temporary Restraining Order and Preliminary Injunction is granted.

97.    If a Temporary Restraining Order and Preliminary Injunction are not granted, Plaintiff will suffer imminent and irreparable harm and will lose Plaintiff's right to recover for defense costs under the Insurance Policy.

98.     If a Temporary Restraining Order and Preliminary Injunction are not granted, Plaintiff will be irreparably injured and harmed because the limits of liability of the Insurance Policy will be eroded, exhausted, and reduced so that Plaintiff will not be able to recover under the Insurance Policy for defense costs and the damages suffered by Plaintiff as was intended and guaranteed by the Insurance Policy.

99.     Plaintiff seeks Temporary Restraining Order and Preliminary Injunction only to prevent irreparable harm to Plaintiff by the erosion, exhaustion, depletion, and loss of funds to be paid to Plaintiff under the Insurance Policy for defense costs.

100.    It is probable that Plaintiff will recover from Defendants after a trial on the merits because Defendant's breach of contract and violation of Texas law is clear, and Plaintiff has valid causes of action against Defendants and Plaintiff has suffered a probable injury.

101.    Plaintiff has no other adequate remedy at law.

102.    There is not enough time to serve notice on Defendants and holding a hearing on this application for a Temporary Restraining Order and Preliminary Injunction because Defendants are not represented by legal counsel in the State of Texas and Defendants do not maintain an office in the State of Texas or a registered agent in the State of Texas.

## IX.

## APPLICATION OR MOTION FOR PRELIMINARY INJUNCTION

103.   Plaintiff incorporates the averments in the previous paragraphs of this Original Complaint.

104.   Plaintiff asked the Court to set Plaintiff's application or motion for Preliminary Injunction for a hearing and, after hearing, issue a Preliminary Injunction against Defendants for the reasons previously alleged in this Original Complaint.

105.   Plaintiff requests the Preliminary Injunction to restrain Atlantic, Beacon, and Intact, the insurance companies, and all of those persons acting in joint enterprise or participation with them from making any payments to any person pursuant to the Insurance Policy which would reduce, erode, or exhaust the limits of liability below $600,000 until a Final Judgment is rendered and reached in this case.

## PRAYER

For these reasons, Plaintiff prays that Defendants be cited to appear and answer, and that, upon trial before a jury, Plaintiff be awarded a Judgment against Defendants, jointly and severally, for the following;

1.   Actual damages suffered by Plaintiff which are within the jurisdiction of this Court;

2.   Breach of contract damages;

3.  Prejudgment and post judgment interest owed to Plaintiff in accordance with Texas law;

4.  Court cost;

5.  Attorney's fees and costs, and court costs incurred in this action, including attorney fees incurred in the district court, the Court of Appeals, if applicable, and the Supreme Court of the United States, if applicable and necessary, and all costs of court;

6.  Injunctive relief including a Temporary Restraining Order and Preliminary Injunction;

7.  Such other and further relief, both general and special, whether at law or in equity, to which Plaintiff may be justly entitled to receive.

Dated:          October 12, 2024.

                         Respectfully submitted,

                         By: /s/ Charles Bundren

                         **BUNDREN LAW GROUP, PLLC**
                         Wm. Charles Bundren, Esq.
                         Lead Attorney and Attorney-in Charge
                         State Bar No. 03343200
                         2591 Dallas Parkway, Suite 300
                         Frisco, Texas 75034
                         (214) 808-3555     Telephone
                         e-mail:      charles@bundrenlaw.net
                         **ATTORNEY FOR PLAINTIFF:**
                         **BUNDREN LAW GROUP, PLLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 12th day of October, 2024, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Rules on all legal counsel of record for any party by serving the following:

**KLEMCHUK PLLC**
Brian Casper, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24075563
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Phone:          (214) 367-6000
Fax:              (214) 367-6001
Email:           brian.casper@klemchuk.com

**ATTORNEYS FOR DEFENDANT TGP**

__X__ by the Court's CM/ECF Pacer electronic filing System pursuant to FRCP 5(b)(2)(E) and 5(b)(3), and LOCAL RULE CV-5 (c)&(d),

____ by certified mail return receipt requested deposited with the United States Postal Service on the date indicated above pursuant to FRCP 5(b)(2)(C),

____ by email at the email address indicated above pursuant to FRCP 5(b)(2)(E), and in accordance with the United States District Court for the Eastern District of Texas Local Rule CV-5(a)(7)(D) a copy of this document was served opposing counsel in electronic form by serving opposing counsel at the email addresses listed herein.

and/or

____ by hand delivery service on the date indicated above pursuant to FRCP 5(b(2)(A) and (B).

And to the non-represented Defendants by Federal Express delivery as follows:

ATLANTIC SPECIALTY INSURANCE COMPANY

150 Royal St.
Canton, MA 02021

ONE BEACON PROFESSIONAL INSURANCE GROUP
6800 College Blvd., Suite 350
Overland Park, Kansas 66211

ONE BEACON PROFESSIONAL INSURANCE, INC.
6800 College Blvd., Suite 350
Overland Park, Kansas 66211

INTACT INSURANCE GROUP, USA, LLC
605 Highway 169 N., Suite 800
Plymouth, MN 55441

James "Jim" Hoft
1820 NE Jensen Beach Boulevard, Suite 1120
Jensen Beach, FL 34957

Joseph "Joe" Hoft
1820 NE Jensen Beach Boulevard, Suite 1120
Jensen Beach, FL 34957

By: /s/ Charles Bundren
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**