**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HOFT and ) | |
| TGP COMMUNICATIONS, LLC, d/b/a/ ) | |
| The Gateway Pundit**,** ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO.: 4:24-CV-01304-HEA |
| v. ) | |
| ) | |
| WILLIAM CHARLES BUNDREN and ) | |
| BUNDREN LAW GROUP, PLLC, ) | |
| ) | |
| Defendants. ) | |

---

**AFFIDAVIT IN SUPPORT OF**
**DEFENDANTS' FIRST AMENDED MOTION TO DISMISS**

---

# EXHIBIT 6

Filed: 10/8/2024 2:29 PM
Michael Gould
District Clerk
Collin County, Texas
By Sara Jones Deputy
Envelope ID: 92901787

CAUSE NO. _____

471-07421-2024

| | | |
|---|---|---|
| BUNDREN LAW GROUP, PLLC, | ) | IN THE DISTRICT COURT |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | _____ JUDICIAL DISTRICT |
| v. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, ONE BEACON PROFESSIONAL INSURANCE GROUP, ONE BEACON PROFESSIONAL INSURANCE, INC., INTACT INSURANCE GROUP, USA, LLC, TGP COMMUNICATIONS, LLC, JAMES "JIM" HOFT, INDIVIDUALLY, AND JOE HOFT, INDIVIDUALLY. | ) | COLLIN COUNTY, TEXAS |
| | ) | |
| DEFENDANTS. | ) | |

---

## PLAINTIFF'S ORIGINAL PETITION, AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

---

TO THE HONORABLE JUDGE OF SAID COURT:

BUNDREN LAW GROUP, PLLC (hereinafter referred to as "Plaintiff")

complains of ATLANTIC SPECIALTY INSURANCE COMPANY (hereinafter

referred to as "Atlantic"), ONE BEACON PROFESSIONAL INSURANCE

GROUP and ONE BEACON PROFESSIONAL INSURANCE, INC. (hereinafter collectively referred to as "Beacon"), INTACT INSURANCE GROUP, USA LLC (hereinafter referred to as "Intact"), TGP COMMUNICATIONS, LLC (hereinafter referred to as "TGP"), James "Jim" Hoft, individually, and Joe Hoft, individually, and says as follows:

## I.

## DISCOVERY

1.     Plaintiff intends for discovery to be conducted in this case under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is governed by the expedited-actions procedures in the Texas Rules of Civil Procedure 169 because Plaintiff seeks injunctive relief.

## II.

## CLAIM FOR RELIEF

2.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, (1) the damages sought are within the jurisdictional limits of this Court; and, (2) Plaintiff seeks monetary relief over $250,000 but not more than $1 million, excluding interest, and attorney fees and costs.

## III.

## PARTIES

3.      Plaintiff is a professional limited liability company with its principal place of business in Collin County, Texas. Plaintiff conducts its business at 2591 Dallas Pkwy., Suite 300, Frisco, TX 75034. Plaintiff is incorporated and organize pursuant to the laws of the State of Texas.

4.      Defendant ATLANTIC SPECIALTY INSURANCE COMPANY (hereinafter referred to as "Atlantic"), is an insurance company conducting business in Texas, and Collin County, Texas. Atlantic has its principal place of business at 150 Royal St., Canton, MA 02021. Atlantic has designated with the Texas Secretary of State Corporation Service Company d/b/a CSC Lawyers, Inc. located at 211 E. 7th St., Suite 620, Austin, TX 78701 -3218 as its registered agent for service of process in Texas. Plaintiff requests citation be issued to Atlantic through its registered agent State Corporation Service Company d/b/a CSC Lawyers, Inc. located at 211 E. 7th St., Suite 620, Austin, TX 78701-3218, and to ATLANTIC SPECIALTY INSURANCE COMPANY at 150 Royal St., Canton, MA 02021

5.      Defendant ONE BEACON PROFESSIONAL INSURANCE GROUP (hereinafter collectively referred to as "Beacon") is an insurance company conducting business in Texas and Collin County, Texas. Beacon has its principal place of business at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. Beacon has not designated a registered agent in Texas with the Texas Secretary of State. Plaintiff requests that citation be issued to ONE BEACON PROFESSIONAL

INSURANCE GROUP at 6800 College Blvd., Suite 350, Overland Park Kansas 66211.

6.      Defendant ONE BEACON PROFESSIONAL INSURANCE, INC. (hereinafter collectively referred to as "Beacon") is an insurance company conducting business in Texas, and Collin County, Texas. Beacon has its principal place of business at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. Beacon has not designated a registered agent in Texas with the Texas Secretary of State. Plaintiff requests that citation be issued to ONE BEACON PROFESSIONAL INSURANCE, INC. at 6800 College Blvd., Suite 350, Overland Park Kansas 66211.

7.      Defendant INTACT INSURANCE GROUP, USA, LLC (hereinafter referred to as "Intact"), is an insurance company conducting business in Texas, and Collin County, Texas. Intact has its principal place of business at 605 Highway 169 N, Suite 800, Plymouth MN 55441. Intact has not designated a registered agent in Texas with the Texas Secretary of State. Plaintiff requests that citation be issued to INTACT INSURANCE GROUP, USA, LLC at 605 Highway 169 N, Suite 800, Plymouth MN 55441.

8.      TGP COMMUNICATIONS, LLC (hereinafter referred to as "TPG"), is a company conducting business in the State of Texas, and Collin County, Texas. TPG has its principal place of business at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. TPG has not designated a registered agent in Texas with

the Texas Secretary of State. James "Jim" Hoft as the sole member and manager and agent of and for TGP COMMUNICATIONS, LLC. Plaintiff requests that citation be issued to TGP COMMUNICATIONS, LLC in the name of James "Jim" Hoft, its sole member and manager and agent to be served at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. Plaintiff requests citation be issued to TGP COMMUNICATIONS, LLC at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957.

9.    James "Jim" Hoft, individually, is an individual who is a resident and citizen of the State of Florida. James "Jim" Hoft conducts business in the State of Texas and Collin County, Texas. James "Jim" Hoft has not designated a registered agent for service of process with the Texas Secretary of State. James "Jim" Hoft may be served with process and a civil citation at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. Plaintiff requests a civil citation be issued to be served on James "Jim" Hoft at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957.

10.    Joe Hoft, individually, is an individual who is a resident and citizen of the State of Florida. Joe Hoft conducts business in the State of Texas and Collin County, Texas. Joe Hoft has not designated a registered agent for service of process with the Texas Secretary of State. Joe Hoft may be served with a civil citation and process at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957.

Plaintiff requests a civil citation be issued to serve Joe Hoft at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957.

11.    Plaintiff requests that the clerk of the court prepare citations to be served on all Defendants for service of civil citation and process for Defendants.

## IV.

## JURISDICTION AND VENUE

12.    The Court has jurisdiction over the subject matter and persons in this action and the amount in controversy is within the jurisdictional limits of this Court. Plaintiff seeks damages in an amount, including penalties, interest, costs, and attorney's fees which is within the jurisdictional limits of this Court.

13.    Defendants have conducted business in the State of Texas and in Collin County, Texas.

14.    Jurisdiction and venue are proper in Collin County, Texas, and this Court because all or a substantial part of the events or omissions giving rise to the claims asserted herein took place in Collin County, Texas. All of Plaintiff's damages and injuries occurred in Collin County, Texas.

15.    This is an action for, *inter alia* breach of an insurance contract and the contract to retain the legal services of Plaintiff.

16.    This Court is a court of law and equity.

17.    Plaintiff seeks injunctive relief.

18.    The amount in controversy and the relief sought are within the jurisdiction of this Court.

## V.

## STATEMENT OF FACTS

19.    This is a suit for, *inter alia*, Defendants' breach of an insurance contract and breach of the contract with Plaintiff to pay for legal services and expenses for defense in a lawsuit.

20.    TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually and Joe Hoft were sued by Ruby Freeman ("Freeman") and Shea Moss ("Moss") for, *inter alia,* defamation, disparagement, personal injury, harm to character or reputation including libel, and slander for publications allegedly made by TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually. The lawsuit will hereinafter be referred to as the "Freeman Moss Lawsuit."

21.    Atlanta, Beacon and Intact, the insurance companies, issued to TGP COMMUNICATIONS, LLC, and its agents, employees, members, and managers a "Media Advantage Policy" and "Media Professional Liability" insurance policy No. MEP-25081-21 (the "Insurance Policy") which covered the claims and allegations and costs of defense made in the Freeman Moss Lawsuit against TGP

COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually.

22.    Atlanta, Beacon and Intact, the insurance companies, admitted coverage of the Insurance Policy covering the claims and allegations and costs of defense made in the Freeman Moss Lawsuit against TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually.

23.    The insurance policy has a "limit of liability" of "$2,000,000.00."

24.    Atlanta, Beacon and Intact, the insurance companies, have taken the position that Defense Costs are part of and not in addition to the limits of liability and the "Defense Costs" will erode and may exhaust the "limits of liability" of the insurance companies.

25.    Plaintiff was retained by Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually to provide legal representation to TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, and Plaintiff did so. Plaintiff was retained by written contract executed and performable in Collin County, Texas.

26.    Plaintiff relied on the Insurance Policy as the primary contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

27.    Plaintiff is a third-party beneficiary of the Insurance Policy for payment of legal services and expenses rendered by Plaintiff to TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

28.    TGP, James "Jim" Hoft, individually, and Joe Hoft, individually also promised and entered into a written contract in Collin County, Texas to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

29.    Atlanta, Beacon and Intact, the insurance companies, participated in and negotiated the terms of the written contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

30.    Plaintiff submitted invoices to Atlanta, Beacon and Intact, the insurance companies and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit. Atlanta, Beacon and Intact, the insurance companies paid a portion of the invoices but have failed and refused, and continue to fail and refuse, to pay Plaintiff for all of the invoices owed resulting in a balance owed by all Defendants, jointly and severally, to Plaintiff in the amount of $512,215.50. This amount is past due and remains unpaid by Defendants.

31.    TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, although they have received all invoices from Plaintiff for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, have failed and refused, and continue to fail and refuse, to pay the invoices resulting in a balance of unpaid invoices in the amount of $512,215.50 owed to Plaintiff. This amount is past due and remains unpaid by Atlanta, Beacon and Intact, the insurance companies and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually.

32.    Plaintiff has made repeated written demands to Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually for payment of the past due invoices for legal services and expenses in defense of the Freeman Moss Lawsuit. Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, have ignored Plaintiff's demands and has failed and refused, and continue to fail and refuse, to pay the past due invoices which total the amount of $512,215.50 owed to Plaintiff.

33.    Atlanta, Beacon and Intact, the insurance companies have taken the position that "Defense Costs" "are part of and not in addition to the limits of liability"

of the Insurance Policy and that "Defense Costs will erode and may exhaust the limit of liability" of the Insurance Policy.

34.     Based on information and belief, Atlanta, Beacon and Intact, the insurance companies have paid and will continue to pay amounts to other persons that "will erode and may exhaust the limit of liability" of the Insurance Policy without payment of past due amounts and invoices owed to Plaintiff in the amount of $512,215.50.

35.     If the "limit of liability" of the Insurance Policy is eroded or exhausted without payment to Plaintiff in the amount of $512,215.50 for Plaintiff's past due invoices in the amount of $512,215.50 for defense costs in defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, in the Freeman Moss Lawsuit, Plaintiff will be irreparably harmed and injured by the exhaustion and erosion the "limit of liability" of the Insurance Policy.

36.     Plaintiff attaches as an Affidavit as Exhibit 1 that proves the allegations in this application for injunctive relief are true and correct and Plaintiff incorporates Exhibit 1 by reference.

37.     Plaintiff has given Defendants written notice of Plaintiff's claims and damages suffered by Plaintiff but Defendants have failed and refused, and continue to fail and refuse, to honor the insurance contract and the attorney retention contract,

and continue to fail and refuse to pay Plaintiff for the amount of damages suffered by Plaintiff and covered by the Insurance Policy.

38.    Plaintiff has been forced to file this lawsuit because Defendants have failed and refused, and continue to fail and refuse, to pay a lawful debt owed to Plaintiff, and have failed and refused to pay Plaintiff for the past due invoices for defense costs which are covered by the Insurance Policy.

39.    Plaintiff has occurred legal fees and court costs to bring this legal action against Defendants for which Plaintiff will seek recovery, jointly and severally, from Defendants for the court costs and attorney's fees incurred in this action.

## VI.

## CONDITIONS PRECEDENT

40.    All conditions precedent to the filing of this Petition have been satisfied.

## VII.   CAUSES OF ACTION

## COUNT 1

## BREACH OF CONTRACT

41.    Plaintiff fully incorporates the allegations in the previous paragraphs of this Petition.

42.    Plaintiff has fully performed Plaintiff's obligations under the insurance contract, the Insurance Policy, and the attorney retention agreement.

43.    Defendants entered into a written contract whereby Defendants made promises regarding payments to Plaintiff for defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

44.    Defendants have not performed or tendered performance of Defendants' obligations under the contract to Plaintiff, and Defendants have no excuse from performing the obligations of Defendants under the written contract. To Plaintiff's detriment, Defendants breached Defendants' obligations under the contract by failing to pay Plaintiff for defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

45.    Defendants' failure to perform the contract is a material breach of the contract and has directly and proximately caused damages to Plaintiff in the amount of $512,215.50 which is within the jurisdiction of this Court. Accordingly, Plaintiff seeks recovery herein of Plaintiff's damages in the amount of $512,215.50  plus all reasonable and necessary attorney's fees incurred in the prosecution of this claim, pre-judgment and post-judgment interest at the highest lawful rates, and all taxable costs of court, and all other relief, both at law and in equity, to which Plaintiff is justly entitled to receive.

**COUNT 2**

## PROMISSORY ESTOPPEL

46.    Plaintiff fully incorporates the allegations in all previous paragraphs of this Petition.

47.    Defendants made promises to Plaintiff regarding payment of defense costs to Plaintiff for defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, in defense of the Freeman Moss Lawsuit, and payment of Plaintiff's invoices for the defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

48.    Plaintiff reasonably and substantially relied on the promises made by Defendants to Plaintiff's detriment.

49.    Plaintiff's reliance on the promises made by Defendants to Plaintiff was foreseeable by Defendants.

50.    Injustice can be avoided only by enforcing Defendant's promises made to Plaintiff.

51.    Plaintiff suffered $512,215.50 in damages as a result of Plaintiff's reliance on Defendant's promises made to Plaintiff.

## <u>COUNT 3</u>

## THIRD-PARTY BENEFICIARY

52.    Plaintiffs fully incorporate the allegations in the previous paragraphs of this Petition.

53.    Plaintiff is a third-party beneficiary to the Insurance Policy.

54.    The Insurance Policy intended to secure a benefit for Plaintiff by payment of defense costs for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

55.    The Insurance Policy provides for payment of defense costs in defending James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

56.    Atlantic, Beacon, and Intact, the insurance companies, confirmed that Plaintiff is a third-party beneficiary of the Insurance Policy by making some payments under the Insurance Policy to Plaintiff for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

57.    The Insurance Policy required Atlantic, Beacon, and Intact, the insurance companies, to pay for the "defense costs" for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, and Atlantic, Beacon, and Intact, the insurance companies did so pursuant to the Insurance Policy.

58.    The contracting parties to the Insurance Policy intended for the Insurance Policy to pay for "defense costs" for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

59.    Plaintiff was retained by written contract to defend TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

60.    Atlantic, Beacon, and Intact, the insurance companies, approved the retention of Plaintiff to defend TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, and acting accordingly.

61.    Plaintiff, pursuant to the Insurance Policy, and the promises made regarding the Insurance Policy, defended TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in the Freeman Moss Lawsuit.

## COUNT 4

### ATTORNEY'S FEES

62.    Plaintiff fully incorporates the allegations in the previous paragraphs of this Petition.

63.    Plaintiff is entitled to recover Plaintiff's reasonable and necessary attorney's fees incurred in the prosecution of this action in the District Court, the Court of Appeals, if necessary, and the Supreme Court of Texas if necessary.

### COUNT 5

## ACTUAL DAMAGES

64.    Plaintiff fully incorporates the allegations in the previous paragraphs of this Petition.

65.    Plaintiff has suffered injury as a proximate cause and producing cause of the actions of Defendants described herein.

66.    Plaintiffs are entitled to recover actual damages for Defendants actions described herein in the amount of $512,215.50.

67.    Plaintiff is entitled to recover damages outside of the damages recoverable under the Insurance Policy.

68.    Plaintiff has suffered $512,215.50 in damages as a result of the actions of Defendants, and Plaintiff is entitled to recover that amount jointly and severally from Defendants.

69.    Plaintiff is entitled to recover such other and further damages and relief Plaintiff incurs as a proximate cause or producing cause of the actions of Defendants as described herein.

## COUNT 6

## PREJUDGMENT INTEREST

70.    Plaintiff incorporates the averments in the previous paragraphs of this Petition.

71.    Plaintiff seeks the recovery of prejudgment interest to the full extent that such interest is recoverable pursuant to law.

## COUNT 7

## POST- JUDGMENT INTEREST

72.    Plaintiff incorporates the averments in the previous paragraphs of this Petition.

73.    Plaintiff seeks the recovery of post-judgment interest to the full extent that such interest is recoverable pursuant to law.

## VIII.

## REQUEST FOR JURY TRIAL

74.    Plaintiff requests a jury be impaneled and that a jury try this case. In conjunction with the filing of Plaintiff's Original Petition, Plaintiff has tendered a jury fee to the clerk of the court.

## IX.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

75.    Plaintiff incorporates the averments in the previous paragraphs of this Petition.

76.    Plaintiff asks the Court to issue a Temporary Restraining Order to restrain Atlantic, Beacon, and Intact, the insurance companies, and all of those persons acting in joint enterprise or participation with them from making any

payments to any person pursuant to the Insurance Policy which would reduce, erode, or exhaust the limits of liability below $600,000.

77.    Plaintiff's application for temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1), *et. seq.*

78.    The reduction, erosion, or exhaustion of the limits of liability of the Insurance Policy below $600,000 would be prejudicial to Plaintiff because the Insurance Policy assures Plaintiff of payment for the defense costs for defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in the Freeman Moss Lawsuit.

79.    If Atlantic, Beacon, and Intact, the insurance companies, are allowed to continue to pay funds from the Insurance Policy that will continue to reduce, erode, or exhaust the limits of liability below $600,000 such action would render a Judgment in this action ineffectual and prejudice Plaintiff.

80.    It is necessary to preserve the limits of liability of the Insurance Policy to no less than $600,000 to preserve the subject matter of this suit until it is resolved by Final Judgment.

81.    It is necessary to preserve the limits of liability of the Insurance Policy to no less than $600,000 to prevent further dissipation of the assets of the Insurance Policy while his case is pending and until a Final Judgment is rendered.

82.   It is necessary to preserve the limits of liability of the Insurance Policy to no less than $600,000 to prevent further dissipation of the assets of the Insurance Policy while his case is pending and until a Final Judgment is rendered.

83.   Plaintiff has a probable right to the relief Plaintiff seeks on final hearing and is likely to succeed on the merits of Plaintiff's lawsuit.

84.   Plaintiff will suffer irreparable injury if an injunction is not granted.

85.   The harm to Plaintiff is imminent, the injury would be irreparable and Plaintiff has no other adequate remedy at law if a temporary restraining order and temporary injunction is not granted.

86.   If an injunction is not granted, Plaintiff will suffer imminent harm and will lose Plaintiff's right to recover for defense costs under the Insurance Policy.

87.   If an injunction is not granted, Plaintiff will be irreparably injured and harmed because the limits of liability of the Insurance Policy will be eroded, exhausted, and reduced so that Plaintiff will not be able to recover under the Insurance Policy for defense costs and the damages suffered by Plaintiff as was intended by the Insurance Policy.

88.   Plaintiff seeks an injunction only to prevent irreparable harm to Plaintiff by the erosion, exhaustion, depletion, and loss of funds to be paid to Plaintiff under the Insurance Policy for defense costs.

89.    It is probable that Plaintiff will recover from Defendants after a trial on the merits because Defendant's breach of contract and violation of Texas law is clear, and Plaintiff has a valid cause of action against Defendants and Plaintiff has suffered a probable injury.

90.    Plaintiff has no other adequate remedy at law.

91.    There is not enough time to serve notice on Defendants and holding a hearing on this application for a Temporary Restraining Order because Defendants are not represented by legal counsel in the State of Texas and Defendants do not maintain an office in the State of Texas or a registered agent in the State of Texas.

## X.

## APPLICATION FOR TEMPORARY INJUNCTION

92.    Plaintiff incorporates the averments in the previous paragraphs of this Petition

93.    Plaintiff asked the Court to set Plaintiff's application for temporary injunction for a hearing and, after hearing, issue a temporary injunction against Defendants for the reasons previously alleged in this Petition.

94.    Plaintiff requests the temporary injunction to restrain Atlantic, Beacon, and Intact, the insurance companies, and all of those persons acting in joint enterprise or participation with them from making any payments to any person pursuant to the

Insurance Policy which would reduce, erode, or exhaust the limits of liability below $600,000 until a Final Judgment is rendered and reached in this case.

## XI.

## OBJECTION TO ASSOCIATE JUDGE

95.     Plaintiff objects to the referral of this case to associate judge for hearing, a trial on the merits, in the other matters, or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff prays that Defendants be cited to appear and answer, and that, upon trial before a jury, Plaintiff be awarded a Judgment against Defendants, jointly and severally, for the following;

1.   Actual damages suffered by Plaintiff which are within the jurisdiction of this Court;

2.   Breach of contract damages;

3.   Prejudgment and post judgment interest owed to Plaintiff in accordance with Texas law;

4.   Court cost;

5.   Attorney's fees and costs, and court costs incurred in this action, including attorney fees incurred in the district court, the Court of Appeals, if applicable, and the Supreme Court of Texas, if applicable, and all costs of court;

6.    Injunctive relief;

7.    Such other and further relief, both general and special, whether at law or in equity, to which Plaintiff may be justly entitled to receive.

Date:  October 8, 2024.

Respectfully submitted,

By: /s/ Charles Bundren

**BUNDREN LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
Lead Attorney and Attorney-in Charge
State Bar No. 03343200
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
(214) 808-3555     Telephone
(972) 624-5340     Facsimile
e-mail:        charles@bundrenlaw.net
**ATTORNEY FOR PLAINTIFF:
BUNDREN LAW GROUP, PLLC**

CAUSE NO. _____

| | | |
|---|---|---|
| BUNDREN LAW GROUP, PLLC, | ) ) ) | IN THE DISTRICT COURT |
| PLAINTIFF, | ) ) | |
| v. | ) ) ) | _____ JUDICIAL DISTRICT |
| ATLANTIC SPECIALTY INSURANCE COMPANY, ONE BEACON PROFESSIONAL INSURANCE GROUP, ONE BEACON PROFESSIONAL INSURANCE, INC., INTACT INSURANCE GROUP, USA, LLC, TGP COMMUNICATIONS, LLC, JAMES "JIM" HOFT, INDIVIDUALLY, AND JOE HOFT, INDIVIDUALLY. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | COLLIN COUNTY, TEXAS |
| DEFENDANTS. | | |

**PLAINTIFF'S ORIGINAL PETITION, AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

# EXHIBIT 1

**PLAINTIFF'S ORIGINAL PETITION**                       **PAGE 1**

CAUSE NO. _____

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC, | ) ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) ) |
| ATLANTIC SPECIALTY INSURANCE COMPANY, ONE BEACON PROFESSIONAL INSURANCE GROUP, ONE BEACON PROFESSIONAL INSURANCE, INC., INTACT INSURANCE GROUP, USA, LLC, TGP COMMUNICATIONS, LLC, JAMES "JIM" HOFT, INDIVIDUALLY, AND JOE HOFT, INDIVIDUALLY. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| DEFENDANTS. | |

IN THE DISTRICT COURT

_____ JUDICIAL DISTRICT

COLLIN COUNTY, TEXAS

---

**AFFIDAVIT OF CHARLES BUNDREN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

---

STATE OF TEXAS        §
COLLIN COUNTY        §

Before me, the undersigned notary, on this day personally appeared Charles Bundren, the affiant whose identity is known to me. After I administered an oath, affiant testified as follows:

---

**AFFIDAVIT**                                                                    **PAGE 1**

1. My name is Charles Bundren. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the manager and member of Bundren Law Group, PLLC

3. I was the attorney of record in defending TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

4. TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually and Joe Hoft were sued by Ruby Freeman ("Freeman") and Shea Moss ("Moss") for, *inter alia,* defamation, disparagement, personal injury, harm to character or reputation including libel, and slander for publications allegedly made by TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually. The lawsuit will hereinafter be referred to as the "Freeman Moss Lawsuit."

5. Atlanta, Beacon and Intact, the insurance companies, issued to TGP COMMUNICATIONS, LLC, and its agents, employees, members, and managers a "Media Advantage Policy" and "Media Professional Liability" insurance policy No. MEP-25081-21 (the "Insurance Policy") which covered the claims and allegations made in the Freeman Moss Lawsuit against TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft,

---

**AFFIDAVIT**                                                      **PAGE 2**

individually.

6. Atlanta, Beacon and Intact, the insurance companies, admitted coverage of the Insurance Policy covering the claims and allegations made in the Freeman Moss Lawsuit against TGP COMMUNICATIONS, LLC, Jim "James" Hoft, individually, and Joe Hoft, individually.

7. The insurance policy has a "limits of liability" of "$2,000,000.00."

8. The insurance policy is ambiguous as to whether or not "Defense Costs" are part of and not in addition to the "limits of liability" and whether or not the "Defense Costs" will erode and exhaust the "$2,000,000.00" "limits of liability." Another part of the Insurance Policy provides that "defense costs are in addition to the limits of liability of this policy and the limits of liability are not reduced or exhausted by payment of defense costs."

9. However, Atlanta, Beacon and Intact, the insurance companies, have taken the position that Defense Costs are part of and not in addition to the limits of liability and the "Defense Costs" will erode and may exhaust the "limits of liability" of the insurance companies.

10. Plaintiff was retained by Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually to provide legal representation to TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, and Plaintiff did

so. Plaintiff was retained by written contract.

11. Plaintiff relied on the Insurance Policy as the primary contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

12. Plaintiff is a third-party beneficiary of the Insurance Policy for payment of legal services and expenses rendered by Plaintiff to TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

13. TGP, James "Jim" Hoft, individually, and Joe Hoft, individually also promised and entered into a written contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

14. Atlanta, Beacon and Intact, the insurance companies, participated in and negotiated the terms of the written contract to pay Plaintiff for legal services and expenses rendered for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit.

15. Plaintiff submitted invoices to Atlanta, Beacon and Intact, the insurance companies and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually for legal services and expenses rendered by Plaintiff for TGP,

James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit. Atlanta, Beacon and Intact, the insurance companies paid a portion of the invoices but have failed and refused, and continue to fail and refuse, to pay Plaintiff for all of the invoices owed resulting in a balance owed by all Defendants to Plaintiff in the amount of $512,215.50. This amount is past due and remains unpaid by Defendants.

16. TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, although they have received all invoices from Plaintiff for legal services and expenses rendered by Plaintiff for TGP, James "Jim" Hoft, individually, and Joe Hoft, individually in defense of the Freeman Moss Lawsuit, TGP, James "Jim" Hoft, individually, and Joe Hoft, individually, and failed and refused, and continue to fail and refuse to pay the invoices resulting in a balance of unpaid invoices in the amount of $512,215.50 owed to Plaintiff. This amount is past due and remains unpaid by TGP, James "Jim" Hoft, individually, and Joe Hoft, individually.

17. Plaintiff has made repeated written demands to Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually, and Joe Hoft, individually for payment of the past due invoices for legal services and expenses in defense of the Freeman Moss Lawsuit. Atlanta, Beacon and Intact, the insurance companies, and TGP, James "Jim" Hoft, individually,

and Joe Hoft, have ignored Plaintiff's demands and has failed and refused, and continue to fail and refuse to pay the past due invoices which totaled in the amount of $512,215.50 owed to Plaintiff.

18. Atlanta, Beacon and Intact, the insurance companies taken the position that "Defense Costs" "are part of and not in addition to the limits of liability" of the Insurance Policy and that "Defense Costs will erode and may exhaust the limit of liability" of the Insurance Policy.

19. Based on information and belief, Atlanta, Beacon and Intact, the insurance companies have paid and will continued to pay amounts to other persons that "will erode and may exhaust the limit of liability" of the Insurance Policy without payment of past due amounts and invoices owed to Plaintiff in the amount of $512,215.50.

20. If the "limit of liability" of the Insurance Policy is eroded or exhausted without payment to Plaintiff in the amount of $512,215.50 for Plaintiff's past due invoices in the amount of $512,215.50 for defense costs in defense of TGP, James "Jim" Hoft, individually, and Joe Hoft, in the Freeman Moss Lawsuit, Plaintiff will be irreparably harmed and injured by the exhaustion and erosion the "limit of liability" of the Insurance Policy.

21. Plaintiff has given Defendants notice of Plaintiff's claims and damages suffered by Plaintiff but Defendants have failed and refused, and continue to

fail and refuse to honor the insurance contract and the attorney retention contract, and continue to fail and refuse to pay Plaintiff for the amount of damages suffered by Plaintiff and covered by the Insurance Policy.



Charles Bundren

Sworn to and subscribed before me by Charles Bundren on October 3, 2024.

Notary Public in and for the State of Texas.

ROSALINDA NATALIA MEDLIN
Notary Public, State of Texas
Notary ID# 13465149-2
My Commission Expires 11-17-2027