UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES HOFT and TGP COMMUNICATIONS, LLC d/b/a *The Gateway Pundit*,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CHARLES BUNDREN, and BUNDREN LAW GROUP, PLLC,<br><br>Defendants. | Case No. 4:24-cv-01304-HEA<br><br>DECLARATION OF JOHN C. BURNS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |

I, John C. Burns, being duly sworn, depose and state the following under penalty of perjury:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto.

2. I am general counsel for TGP Communications, LLC ("TGP"), James "Jim" Hoft, and Joseph "Joe" Hoft, Defendants in the underlying suit.

3. I make this Declaration in support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction (the "Reply").

4. TGP and the Hofts retained Defendants William Charles Bundren and Bundren Law Group, PLLC (collectively, "Bundren") to represent it in litigation filed in Missouri state court. Bundren was retained to be lead counsel in the case and commandeered the case strategy. While TGP and the Hofts were able to settle that case, Bundren did not assist with settlement. In fact, he acted as an impediment to settlement.

5. That settlement was to be paid, in part, using insurance proceeds from a Missouri insurance policy. Had the settlement fallen apart, it would have been financially devastating for TGP and the Hofts. Yet, Bundren demanded that he be paid first, from funds that he had no lawful claim to.

6. When Bundren was not paid first, he began trying to interfere with the settlement to get his way. This left TGP with no choice but to file this lawsuit.

7. Bundren began making payment demands to TGP on or about August 19, 2024 but did not file suit. However, when he began imminently interfering with the settlement, he triggered a life-or-death situation for TGP.

8. In order to comply with the settlement, TGP filed this suit on September 27, 2024 to ensure the funds were properly directed.

9. After Bundren filed suit in Texas State Court on October 8, 2024, TGP was forced to remove the case to Federal Court for the Eastern District of Texas. TGP was forced to file documents in that case in a desperate attempt to avoid said life-or-death situation. Attached hereto as **Exhibit 2** is a true and correct copy of the Emergency Motion to Dissolve TRO filed in E.D. Tex. Attached as **Exhibit 1** is a true and correct copy of the Order Dissolving TRO issued by the U.S. District Court for the Eastern District of Texas

10. Bundren **did not** provide notice to TGP that he was filing suit in Texas State Court. When he filed that suit, he was still counsel of record for TGP in the Missouri state court action. In fact, he remains counsel of record today.

11. Attached hereto as **Exhibits 3, 4, and 5** are true and correct copies of the following documents filed in the Eastern District of Texas: Motion to Transfer Venue, Opposition to Motion to Transfer Venue, and Motion to Dismiss.

12. When TGP executed the retainer agreement with Bundren, *which Bundren drafted*, it understood the jurisdiction clause to be <u>permissive</u> rather than mandatory. Attached hereto as **Exhibit 6** is a true and correct copy of TGP's retainer agreement with Bundren.

13. Bundren was retained by the Hofts and TGP. He was not retained by the insurer. Attached hereto as **Exhibit 7** is an email with the insurer reflecting the same.

14. Attached as **Exhibit 8** is a true and correct copy of Bundren's Missouri *pro hac vice* application.

15. Bundren claims that he is a third-party beneficiary to the Missouri insurance agreements. A true and correct copy of the insurance agreement is attached hereto as **Exhibit 9**. A copy of the Amended Complaint Bundren filed in the Eastern District of Texas, where he claims to be a third-party beneficiary, is attached hereto as **Exhibit 10**.

16. While representing TGP and the Hofts in Missouri state court, Bundren came to Missouri to attend at least four hearings and billed exorbitantly for all of them. He additionally came to Missouri for client meetings.

17. As one example of his exorbitant billing, he billed nearly $7,000 to attend a rote scheduling conference in Missouri before he was even admitted *pro hac vice*. Because he was not admitted, he could not participate and played no role at the hearing. His presence was unnecessary.

18. TGP and Jim Hoft maintain records in Missouri.

19. Attached hereto as **Exhibit 11** is a true and correct copy of the transcript of the October 11, 2024 hearing in the Eastern District of Texas.

20. Attached hereto as **Exhibit 12** is a true and correct copy of the Motion to Revoke Bundren's Pro Hac Vice Admission in Missouri state court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 8, 2024 at St. Louis, Missouri.

_____
John C. Burns