# Exhibit 12

# Motion to Revoke Bundren's Pro Hac Vice Admission

# IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| Ruby Freeman and Wandrea Moss,<br><br>    Plaintiff(s)/Counterclaim Defendant(s),<br><br>v.<br><br>James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a *The Gateway Pundit*,<br><br>    Defendant(s)/Counterclaim Plaintiff(s). | Case No. 2122-CC09815-01 |

## VERIFIED MOTION TO REVOKE ADMISSION *PRO HAC VICE* OF CHARLES BUNDREN AND TERMINATE BUNDREN'S APPEARANCE

This is an unusual motion, but one that seems to be the only way to remedy a current unusual situation.

The undersigned sponsored William Charles Bundren for *pro hac vice* admission on January 15, 2024. As a *pro hac vice* sponsor, the undersigned is at least arguably responsible for ethical violations that his sponsored attorney may commit. Bundren has committed such an egregious ethical violation that the undersigned must request that this Court relieve him of his status as Bundren's *pro hac vice* sponsor and recognize that Bundren's actions were taken without the undersigned's permission or consent.

On or about August of this year, the undersigned and his clients in this action began an audit of Bundren's billing in this matter. To call it "padding" or "egregious" would be an understatement. Bundren was clearly raiding the diminishing insurance policy without regard to his ethical obligations. For example, on account of TGP's bankruptcy petition and resulting federal stay of proceedings, on April 25, 2024, Bundren was notified and ordered to stand down

- 1 -

from further billing. Bundren did not do so, as he continued to bill the file after that date (and before the bankruptcy proceeding was dismissed). His billing is replete with overcharges—from a 0.2 hour entry for reviewing an email that only said "will do", to billing 318.30 hours in March 2024—a pace that exceeds BigLaw's all-time record.[1]

On or about September 20, 2024, the parties in this case came to a settlement in principle. This settlement required the use of the Defendants' insurance proceeds. However, despite his bills being contested, and absolutely no privity of contract with the insurer, Bundren began to harass the insurer to try and force the insurer to pay him, not indemnify TGP. Bundren would not relent, despite being warned that doing so could upset the ability of the Defendants to perform under the settlement agreement. *See* **Exhibit A**.

At this point, Bundren was still counsel of record in this case (and still is) but had unethically padded his bills, then acted in direct violation of his duty to his client in trying to swipe insurance proceeds out from under the Defendants, which if successful would have completely ended the Defendants' ability to perform under the settlement. Bundren did not care what harm was visited upon his clients, he wanted to be paid for his padded and fraudulent bills.

It got worse.

To try and stop Bundren from interfering in the settlement, the Defendants were forced to file suit against Bundren. They did so in E.D. Missouri: *TGP Communications, et al v. Wm. Charles Bundren, et al*, 4:24-CV-01304 (filed September 27, 2024). Bundren was served with the complaint on September 27, 2024, and after that, instead of answering the Missouri federal complaint and filing his compulsory counterclaims there, Bundren instead filed a *state court* action on the same disputed facts in Collin County, Texas against the Defendants. Bundren had been told

---

[1] https://abovethelaw.com/2024/05/this-biglaw-firm-set-an-unfortunate-billable-hour-record/

to stand down, but still was counsel of record for the Defendants in this action, but nevertheless filed suit against his clients in Texas.

He unethically, and frankly, dishonorably, filed it in secret, did not alert his clients, and obtained an *ex parte* TRO in Texas state court because he knew that if it was opposed with the benefit of briefing and evidence, no court would grant it and no appellate court would uphold it if granted. In the meantime, TGP was going to be financially destroyed if the first payment was not made on or before 20 October 2024, and Bundren had unethically, in a direct conflict of interest with his client, TGP, locked up enough funds that the insurance company could not make the full payment.

TGP removed the Texas matter, properly, to federal court on the basis of diversity jurisdiction. TGP filed a motion to dissolve the TRO in the Eastern District of Texas, and once the Eastern District of Texas had the benefit of a more fulsome record, the TRO was dissolved on October 18, 2024. *See* **Exhibit B**. In that Order, this Court made it clear that Bundren's entire theory to lock up TGP's insurance proceeds was flawed. "If maintaining the TRO is the endzone, Bundren has not even made it to the redzone." *Bundren Law Group, PLLC v. Atlantic Spec. Ins. Co., et al.*, Case No. 4:24-cv-00900 (E.D. Tex. Oct 18, 2024)(slip op. at 7). The Federal court then noted deficiencies in the notice of removal and gave Defendants until October 22, 2024 to amend the notice of removal. Of note, during those proceedings, Bundren lied to the Eastern District of Texas, claiming that he had *withdrawn* from the instant case. As this court is well aware, no such motion to withdraw has been filed to-date by Bundren.

On October 17, 2024, Bundren recognized that the Collin County TRO was no longer operative, and sought a return of his bond. *See* **Exhibit C**. However, incredibly, Bundren also lied to the Collin County, Texas court, claiming that the ED TX action had been remanded. *See*

**Exhibit D**. He knew full well it had not. Bundren has also incredibly claimed that there is no jurisdiction over him in Missouri for his actions in defrauding TGP in **this** very Court. *See Hoft, et al. v. Bundren, et al.*, case No. 4:24-cv-01304-HEA (E.D. Mo. filed Oct. 18, 2024)(Memorandum in Support of Motion to Dismiss).

On 18 October, with no TRO in place, the Insurer made a sufficient payment. For the time being, TGP is in compliance with the settlement agreement.

Bundren's actions continue to jeopardize the settlement and his client, TGP. It is uncertain what Bundren will do *next* to try and bring ruin upon TGP because he is upset that TGP caught on to his fraud. However, his fraud, his actions in violation of his fiduciary duties to TGP, and his blatant dishonesty with the courts in his quest to harm TGP place the undersigned in a position of having to, on an emergency basis, request that this Court revoke Bundren's *pro hac vice* status, terminate Bundren's appearance, and allow the undersigned to completely disassociate from him. Bundren has clearly violated Rule 4-1.7, 4-3.1, 4-3.3, of the Missouri Rules of Professional Conduct. His actions are so egregious that this Honorable Court should refer Bundren's actions to the Missouri Bar for further review.

Removing Bundren's *pro hac vice* status will not leave Defendants unrepresented: **all** Defendants are presently represented by the undersigned as well as two additional counsel.

WHEREFORE, for all of the foregoing reasons, the undersigned prays the Court make and enter an order revoking Wm. Charles Bundren's *pro hac vice* status, terminate his appearance, and for all such other and further relief the Court deems just and proper.

Dated: October 28, 2024        Respectfully Submitted,

/s/ John C. Burns
John C. Burns (66462)
Burns Law Firm
P.O. Box 191250

- 4 -

St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
TBLF@pm.me

*Attorneys for Defendants,
James Hoft, Joseph Hoft, and TGP
Communications LLC d/b/a The Gateway Pundit.*

### **VERIFICATION**

I, John C. Burns, have read every statement made in this Motion, and I hereby declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and understanding.

Dated: 10/28/24          By: _____
                              John C. Burns

State of Michigan, County of Eaton.

Subscribed to and sworn to before me on this 28TH day of October, 2024.

_____
Notary Public
My commission expires: 5/13/2027

JAY RONEY
Notary Public - State of Michigan
County of Ingham
My Commission Expires May 13, 2027
Acting in the County of Eaton

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, the foregoing document was served on all parties or their counsel of record through this Court's e-filing system as listed below, and upon Charles Bundren at Charles@BundrenLaw.net:

James F. Bennett
John C. Danforth
Matt D. Ampleman
Dowd Bennett LLP
7733 Forsyth Blvd, Suite 1900
St. Louis, MO 63105
jbennett@dowdbennett.com
jdanforth@dowdbennett.com
mampleman@dowdbennett.com

Brittany Williams
UNITED TO PROTECT DEMOCRACY, INC.
15 Main St., Suite 312
Watertown, MA 02472
brittany.williams@protectdemocracy.org

Shalini Goel Agarwal
Anna Dorman
UNITED TO PROTECT DEMOCRACY, INC.
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
shalini.agarwal@protectdemocracy.org
anna.dorman@protectdemocracy.org

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY, INC.
82 Nassau Street, #601
New York, NY 10038
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Charles F. Smith
Michael Morrell
155 N. Wacker Drive
Chicago, IL 60606
Charles.smith@probonolaw.com
Michael.morrell@probonolaw.com

Mary E. Grinman
500 Boylston Street
Boston, MA 02116
Mary.grinman@probonolaw.com

Aanchal Chugh
1440 New York Avenue, N.W.
Washington, D.C. 20005
Aanchal.chugh@probonolaw.com

Eliza Simons
One Manhattan West
New York, NY 10001
Eliza.simons@probonolaw.com

David A. Schulz
Tobin Raju
YALE LAW SCHOOL
127 Wall Street
P.O. Box 208215
New Haven, CT 06520
david.schulz@yale.edu
tobin.raju@yale.edu

Von A. DuBose
75 14th Street, NE, Suite 2110
Atlanta, Georgia 30309
dubose@dubosemiller.com

*Attorneys for Plaintiffs*

/s/ John C. Burns
John C. Burns