**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HOFT and TGP COMMUNICATIONS, LLC, d/b/a/ The Gateway Pundit, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 4:24-CV-01304-HEA |
| WILLIAM CHARLES BUNDREN and BUNDREN LAW GROUP, PLLC, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR EXPEDITED DISCOVERY**

**INTRODUCTION**

With the hearing on Plaintiffs' Motion for Preliminary Injunction ("PI Motion") set for December 6, 2024, Defendants move this Court for an order expediting discovery and production of documents referenced herein to allow Defendants to meaningfully prepare for the hearing and present evidence in opposition to Plaintiffs' PI Motion. Plaintiffs seek to enjoin Defendants from taking any further action in the Texas litigation originally filed by Defendants in Texas state court and later removed to the Eastern District of Texas, Case No. 4:24-CV-00900 (the "Texas Action"). The sole basis for Plaintiffs' PI Motion is the first-filed rule. *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993); Doc. 11 at 6-9. Specifically, Plaintiffs assert it filed the instant suit because Defendants allegedly committed fraud and interfered with the "settlement agreement" and "insurance proceeds" or settlement payments in the underlying State Action, from which this suit arises. Doc. 9 at 1-3 and ¶¶ 10, 11, 17, 21, 22, 66, 70, 76; Doc. 11 at 1-3; Doc. 11-1, ¶¶ 4, 8. Defendants, however, do not have a copy of the executed "settlement agreement" nor do they have any documents evidencing payments made by the

1

Insurance Companies or Plaintiffs pursuant to the settlement agreement and insurance policy.

## LEGAL STANDARD

"Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery." *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008). "Some courts apply a 'good cause' or 'reasonableness' standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. *Monsanto Co.*, 250 F.R.D. at 413 (citations omitted). "The Court of Appeals for the Eighth Circuit has not adopted either standard" but generally utilizes the good cause standard. *See Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 455 (D.S.D. 2014), citing *Monsanto Co.*, 250 F.R.D. at 413. "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party." *Id.*

## ARGUMENT

Good cause exists for this Court to enter an order expediting discovery. First, Defendants are seeking the discovery of documents to establish arguments and evidence that will assist them in establishing their claims and arguments as to why the PI Motion should be denied. *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266 CEJ, 2012 WL 1320147, at *2 (E.D. Mo. Apr. 17, 2012). Specifically, Defendants seek the requested documents to oppose Plaintiffs' argument that the first-filed rule applies and that there are compelling circumstances supporting the rule's abrogation. *Nw. Airlines, Inc.*, 989 F.2d at 1006.

Second, Defendants' discovery requests are narrowly tailored and limited in time and scope. *Meritain Health Inc.*, 2012 WL 1320147, at *2. Each of the discovery requests concerns documents and communications prepared and created in connection with the State Action—the timeframe of which is readily ascertainable for Plaintiffs. Moreover, each request concerns

2

documents and communications Plaintiffs placed at issue in alleging Defendants "interfered" with the settlement agreement in the State Action.

Third, there is sufficient time left for Plaintiffs to produce the documents in advance of the December 6, 2024 hearing. The documents should already be readily obtainable and in Plaintiffs' possession negating any argument that the requested document production is burdensome. *Meritain Health Inc.*, 2012 WL 1320147, at *2.

Ultimately, expedited discovery is appropriate because Defendants are attempting to prepare for the Preliminary Injunction hearing. *See id.*, citing *El Pollo Loco S.A. de C.V. v. El Pollo Loco Inc.*, 344 F.Supp.2d 986, 991 (S.D. Tex. 2004) ("[e]xpedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing"). The discovery requests are neither burdensome nor overbroad and they are narrowly tailored and limited to documents Plaintiffs either prepared, maintained, and/or created in connection with the settlement agreement in the State Action.

## <u>CONCLUSION</u>

Defendants respectfully request this Court enter an order directing Plaintiffs to produce the following documents to Defendants before 12:00 p.m. CST on November 29, 2024, in advance of the December 6, 2024 hearing:

    i.    an executed copy of the settlement agreement in connection with the State Action that Defendants allegedly interfered with;

    ii.    any and all documents reflecting any payments made by any person or entity pursuant to the settlement agreement, including the date of payment, amount of payment and from whom the payment was made, in connection with the State Action;

    iii.    a full and complete copy of the insurance policy subject to the settlement agreement in connection with the State Action and any endorsements or extensions of the insurance policy;

iv.     any and all documents reflecting the payment of insurance proceeds paid by the Insurance Companies (as defined in Doc. 23-1, ¶ 36) as alleged by Plaintiffs, pursuant to the settlement agreement, the insurance policy, and the insurance accounts, including the date of payment, amount paid and to whom the payment was made, in connection with the State Action;

v.     any and all written agreements reached between Plaintiffs and the Insurance Companies concerning the insurance policy, the settlement agreement, payment by the Insurance Companies of any insurance proceeds, the insurance accounts, and/or Defendants; and

vi.     any and all written communications, including text messages and emails, between Plaintiffs and the Insurance Companies concerning the insurance policy, the settlement agreement, payment(s) by the Insurance Companies of any insurance proceeds, the insurance accounts, and/or Defendants, referenced by Plaintiffs in Docs. 9, 11, and 24, in connection with the State Action.

Dated: November 21, 2024

Respectfully submitted,

JENKINS & KLING, P.C.

By: _/s/ Liam R. Brannon_
    Liam R. Brannon, #73640MO
    Katherine I. McLaughlin, #69734MO
    150 N. Meramec Ave., Suite 400
    St. Louis, Missouri 63105
    (314) 721-2525 Phone
    (314) 721-5525 Fax
    lbrannon@jenkinskling.com
    kmclaughlin@jenkinskling.com
    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 21, 2024, the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

 /s/ *Liam R. Brannon*
