UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HOFT, and<br>TGP COMMUNICATIONS, LLC<br>d/b/a *The Gateway Pundit,*<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM CHARLES BUNDREN,<br>and BUNDREN LAW GROUP, PLLC,<br><br>　　　　　Defendants. | Case No. 4:24-cv-01304-HEA<br><br>OPPOSITION TO<br>MOTION FOR EXPEDITED<br>DISCOVERY |

Plaintiffs James Hoft and TGP Communications, LLC, hereby file their Opposition to Defendants William Charles Bundren and Bundren Law Group, PLLC's Motion for Expedited Discovery (ECF No. 31).

**1.0　Legal Standard**

Fed. R. Civ. P. 26(d) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Courts apply either a "good cause" standard or preliminary injunction standard to evaluate a motion to expedite. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008). The Eighth Circuit has not expressly adopted either standard, but Bundren fails to even meet the easier "good cause" standard. Good cause exists if "the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." *Monsanto Co.*, 250 F.R.D. at 413. To determine "good cause," the Court examines the discovery requests "on the entirety of the record to date and the reasonableness of the request in

light of all the surrounding circumstances." *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (emphasis in original; citations omitted).

**2.0   Bundren's Motion is Part of a Pattern and Practice of Unreasonable Multiplication of Proceedings**

Bundren's motion seeks discovery unnecessary for the preliminary injunction hearing and merely seeks to interpose unnecessary costs.  "[I]f the rules are to be applied and interpreted to secure the 'just, speedy and efficient' resolution of disputes, Fed. R. Civ. P. 1, then the court must at times analyze questions functionally, not in a vacuum." *Robertson v. White*, 111 F.R.D. 607, 612 (W.D. Ark. 1986); *Mathis v. Normal*, 2023 U.S. Dist. LEXIS 206980, at *3 (D.N.J. Aug. 11, 2023) ("Pursuant to [Rule 1], the Court is obligated to oversee and manage this case so as to secure its 'just, speedy, and inexpensive determination.'").  *See also, Smith v. UPS*, 2015 U.S. Dist. LEXIS 11569, at *8 (E.D. Mo. Jan. 2, 2015) (recognizing that "the Federal Rules as a whole […] are designed to secure the just, speedy, and inexpensive determination of every action.").

Rule 1 seems placed first for a reason.  Yet, Bundren has determined to make this process as drawn out and as expensive as possible.  This was first made apparent when he churned the file in the Freeman/Moss Missouri case for $600,000 in billing, the majority in a four month period, with little, if any, use or utility.  *See, e.g.*, ECF No. 11-1 at ¶ 4, ECF No. 24-1 at ¶ 17; ECF No. 32-1 at ¶¶ 11-13.  That habit seems to continue both here and in Bundren's retaliatory duplicative action in Texas.  The pending motion for a preliminary injunction is not noticed as an evidentiary hearing. "An evidentiary hearing is required prior to issuing a preliminary injunction only when a material factual controversy exists." *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002).  There are no facts necessary to develop for that hearing that are not already in the record, and Defendants do not demonstrate any dispute as to material facts.  As Defendants admit, "the sole basis for Plaintiffs' PI Motion is the first-filed rule."  ECF No. 31 at 1.  As none

of the discovery requests are tailored to the first-filed elements, the motion demonstrates itself to be unnecessary and should be denied.

### 3.0     Bundren's Motion was Made in Bad Faith, Seeking Immaterial Discovery

Evaluating this motion on its face shows that this discovery is not only unnecessary, but requested in bad faith. The evaluation of the totality of the circumstances further weakens the request. As the Court is aware from other filings in this case, but is worth re-iterating in short form: This is a first-filed case. Bundren was sued here for malfeasance here in Missouri while representing a client here in courts here. Bundren was served with this case, and responded by filing a duplicative retaliatory action in Texas. The federal court in Texas is currently briefed on a motion to dismiss and a motion to transfer venue, but when it will act on those motions is unknown.[1] In the meantime, Bundren is doing in that court precisely what he is doing here – filing thousands of pages of dilatory motion practice in order to vexatiously multiply the proceedings. *See* **Exhibits 1 & 2**. The motion for a preliminary injunction seeks to compel a *temporary reprieve* of the paper-hurricane so that litigation may proceed between the parties, here, in an orderly manner. This Court denied a temporary restraining order, and it seems understandable – what foreseeable damage could Bundren have caused in a few weeks? Yet, after he filed a second amended complaint insisting on federal jurisdiction, he then decided to file a second motion to remand to state court.[2] Since his home court does not seem inclined to sanction him for such conduct, all the Plaintiffs here want is an injunction putting a pause on further mockeries of Rule

---

[1] The Eastern District of Texas is a particularly busy forum as a hub of patent litigation, and there is no way of knowing when it will order transfer.
[2] The first motion, based on an alleged absence of diversity jurisdiction, remains pending despite Bundren pleading the existence of diversity jurisdiction. The second motion is based on multiple misrepresentations of the law that are directly contradicted by the text of the cases and statute.

1 and 28 U.S.C. § 1927 until the proper order of things is restored. Fortunately, the Eighth Circuit has seen this genus of conduct before, and has an elegant way of dealing with it:

> "[O]rders enjoining a party from proceeding with a duplicative, second-filed lawsuit in another forum [have] nothing to do with the merits of the underlying controversy and is simply whether, as between two courts both having jurisdiction over the parties and the subject matter of the dispute, the court in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action."

*Nw. Airlines v. Am. Airlines*, 989 F.2d 1002, 1004 (8th Cir. 1993). This Court is not being asked to tell Bundren "no," but rather just "take a short time-out."

The Court's checklist for the hearing is as follows:

1. Do we have parallel litigation?

2. Do both courts have jurisdiction over the parties and the subject matter of the dispute?

3. In which case/court did jurisdiction first attach?

If the answer to (1) and (2) are yes, the answer to (3) determines which court "should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action." *Nw. Airlines v. Am. Airlines*, 989 F.2d 1002, 1004 (8th Cir. 1993); *United States Fire Insurance Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990). "[I]n the absence of compelling circumstances," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982), the first-filed rule should apply.

Bundren cannot plausibly claim that this is not parallel litigation, thus he argues that it is not "identical." It is undisputedly parallel; the Court can evaluate that with the existing record. Compare ECF No. 28 (Amended Complaint) with ECF No. 11-9 (E.D. Tex. First [sic] Amended Complaint). This is not an "exact duplicate" standard, but a requirement that they be parallel. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). Thus, courts look

to the similarly of the parties and the similarly of the claim or issues at stake. *Brinker v. Kraft Heinz Foods Co.*, 2024 U.S. Dist. LEXIS 136357, at *5 (E.D. Mo. Aug. 1, 2024).

Whether both courts have jurisdiction is not a simple matter, but to the extent this court needs to evaluate that, it really only needs to adjudicate whether *this* court has jurisdiction. That issue is sufficiently briefed. (ECF Nos. 19, 23 & 32). Whether Texas has jurisdiction is another question, but if the Texas court acts as it should, it will transfer adjudication of that issue here. *See Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 606 (5th Cir. 1999) ("once the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case ….").

The remaining issue is whether there are "compelling circumstances," and if so, whether Bundren needs discovery to show them. Bundren identifies no compelling circumstances in his motion, only making a conclusory assertion that such exist. (ECF No. 31). The only issue that Bundren raises in his opposition to the preliminary injunction as a "compelling" circumstance is that he believes that TGP "raced to the courthouse and filed a suit for 'declaratory relief[.]'". ECF No. 21 at 9. Although Plaintiffs deny racing to the courthouse, as weeks passed after Bundren made his demands on third parties, this case involves far more than just "declaratory relief"—it seeks affirmative damages, including under the Missouri Merchandising Practices Act. Nevertheless, if the issue is theoretically about Plaintiffs racing to the courthouse from the threat of litigation, Bundren himself already possesses any threats he made. And, none of his early discovery requests address this so-called race to the courthouse.

**4.0   The Timing of the Motion and the Material Sought Evidences its Bad Faith**

Let us even be more generous and assume, *arguendo*, that Bundren might have been entitled to discovery as to the motion for preliminary injunction. That motion was filed on November 1, 2024. (ECF No. 11). Why did he seek discovery on the evening of November 21?

Bundren was able to file an opposition without it on November 7, 2024 (ECF No. 13). He even filed a surreply, upon leave of court, on November 12, 2024 (ECF No. 27). At no point in any of those documents did he raise the issue of needing discovery. It is suspect that he has now come to the realization that he requires discovery (to be produced on the day after Thanksgiving). This is a naked display of harassment and gamesmanship. When early discovery requests are "unreasonably timed" they are properly denied. *See, e.g., Battery Handling Sys. v. Stoneman*, 2014 U.S. Dist. LEXIS 77926, at *2-3 (E.D. Mo. June 9, 2014) (denying early discovery where movant delayed seeking such). This is grossly unreasonably timed.

    Conspicuously absent from Bundren's claimed need for discovery is any attempt to explain *why* Defendants need any documents or information for the hearing. As noted above, none of the document requests are addressed to the "compelling" circumstances Bundren argues in opposition to the preliminary injunction that this was merely a race to the courthouse to file a declaratory judgment action. Why do they need the settlement agreement in the Missouri state court action? How are payments made pursuant to this settlement agreement relevant to any argument any party has made in connection with the preliminary injunction? And, what possible relevance could there be between the entirety of written communications between Plaintiffs and their insurers and the issues presented in the preliminary injunction motion? Defendants provide nothing more than the conclusory assertion that they "seek the requested documents to oppose Plaintiffs' argument that the first-filed rule applies and that there are compelling circumstances supporting the rule's abrogation." ECF No. 31 at 2. None of the requests are tailored to the question of whether it was a race to the courthouse when Plaintiffs waited six weeks after Bundren first began making demands and those demands were not even on the Plaintiffs.

Bundren makes an off-handed mention that "each request concerns documents and communications Plaintiffs placed at issue in alleging Defendants 'interfered' with the settlement agreement in the State Action" (*id*. at 2-3), but what does that have to do with application of the first-filed rule? The one "red flag" that shows that a first-filed action is illegitimate, that Bundren has claimed in his opposition to the preliminary injunction, is if a first-filed action was filed as a response to a threat of imminent litigation. (ECF No. 21 at 9). Again, Bundren possesses all of his relevant threats of imminent litigation—they would be his own threats. Yet, Bundren has filled the dockets here and the Eastern District of Texas with what must be more than a thousand pages of documents – and yet not one scrap of paper that bolsters his claim. Now he wants invasive, early discovery for no rational basis in this case.

The requests are broad and invasive. They ask for, *inter alia*, a copy of a confidential settlement agreement and all communications with insurance companies regarding the agreement, as well as essentially everything related to coverage in the Missouri state court case. While the agreement itself may be easy to locate, Defendants are requesting a large volume of communications to be produced in a short period of time, on a holiday break. Aside from this burden in preparing an adequate production, the discovery Defendants seek cannot be produced without the strongest of protective orders and notice to third parties, who very well may intervene. Some of what is sought is covered by confidentiality obligations and interposes unnecessary complications involving third party rights. And again, all of this information is immaterial to whether the preliminary injunction should be issued.

Given the lack of explanation as to why Defendants need the requested discovery and the breadth of their requests, one might ask why Defendants filed their Motion at all. If it was not just to harass and vex the Plaintiffs, then the most generous speculative answer is that Defendants filed

their motion to gather discovery for their *Texas case* against the insurer here, not because they need it for the preliminary injunction hearing. Moreover, giving Bundren a copy of the confidential settlement agreement is likely to result in him engaging in malfeasance with the information in that agreement. He has already shown he lacks any reservations about directly harming the interests of his **current clients** even while still representing them and violating ethics rules to do so. There is, thus, every reason to believe he will misuse the requested information if he obtains it, harming both his clients (Plaintiffs) and Mmes. Freeman and Moss. He does not need the documents sought except to create mischief.

The Court should deny Defendants' Motion for Expedited Discovery in its entirety.

Dated: November 22, 2024

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza (12265NV)
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
P: (702) 420-2001
ecf@randazza.com

John C. Burns (66462)
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
TBLF@pm.me

*Attorneys for Plaintiffs*

Case No. 4:24-cv-01304-HEA

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Marc J. Randazza
Marc J. Randazza